ALBANY,<br>Oct. 1828.<br><br>Durfee<br>v.<br>Heemstreet.

---

## DURFEE ads. HEEMSTREET.

MOTION to set aside proceedings for irregularity. The defendant was arrested on a capias containing an *ac etiam* clause in *trespass*, for entering the close of plaintiff and debauching his daughter. The defendant filed special bail, and the plaintiff declared against him in *case*, and not receiving a plea, entered the defendant's default, and gave notice of executing a writ of inquiry. A motion was made to set aside the rule to plead, and all subsequent proceedings for irregularity.

Where a plaintiff declares for a different cause of action than that expressed in the *ac etiam* of a capias, the proceedings will be set aside as irregular.

*H. K. Jerome*, for defendant, relied upon 4 *Johns. R.* 405.

*C. Y. Lansing*, for plaintiff, insisted that the case in 4 *Johnson* was a departure from the practice of the king's bench, and that the authorities referred to in that case, do not justify the distinction there taken, as to the effect of a motion of this kind, when the suit is commenced by original and not by bill. In either case, the only effect of a variance in the declaration from the process in the nature of the action, is to discharge the bail.

ALBANY,
Oct. 1828.

The People
v.
Ten Eyck.

*By the Court,* SUTHERLAND, J.   For a variance between the *ac etiam* contained in the capias on which the defendant was arrested, and the cause of action set forth in the declaration, this court, in 4 *Johns. R.* 484, set aside the proceedings as irregular.   It is said this is not conformable to the English cases ; that the only effect of such variance, according to those cases, is to discharge the bail, whether the proceeding be by bill or original.   Without deciding this question, it is enough that this court has a right to regulate its own practice ; and this precise question having been decided in the case alluded to, the court will not depart from the decision there made.   The motion is granted with costs.