Oakley, C. J.
This is not an action “ arising on a contract for the recovery of money only,” within the meaning of sub. 1 in § 129 of the Code. The actions there referred to are actions at law, properly so called, in which, from the nature of the contract, the plaintiff knows, and can, therefore, specify the sum which he is entitled to recover. This is a suit in equity, arising from the particular relation of the parties; the contract which that relation implies is not for the payment of money only, and the relief which is sought, the compelling a confidential agent to render a proper account of the execution of his trust, is that which courts of equity alone have been accustomed to grant. The notice in the summons is, therefore, properly adapted to the relief demanded.
Hor do I see any necessity for requiring the plaintiff to render the complaint more definite and certain than it is. Even when the action is founded upon an account, the particulars of which are certainly known to the plaintiff, and where a certain sum, as a balance, is claimed to be due, the items of the account need not be set forth in the complaint, although, in such a case, a copy of the account, if demanded, must be delivered to the adverse party (Code, § 158). But this is not such an action. *649 It is not founded upon an account in the possession of the plaintiff, but it exacts from the defendant an account which, if the general allegations in the complaint are true, he is bound to furnish, and all the particulars of which must be within his personal knowledge, and this account is required as a necessary preliminary to the judgment demanded. If, in a suit like this, a bill of particulars of the plaintiff’s claim can, with any propriety, be required at all, before a reference to take an account is ordered, I am clearly of opinion that it can only be obtained under a special order of the court, founded upon an application showing its necessity.
The motion, in both its branches, is denied, with costs.
Approved at a consultation, by all the judges.