Bosworth, J.
This is an action arising on contract. It is an action to recover money only. BTo judgment is prayed, except for the recovery of two sums, one of §1,000 and one of $300, and interest. Eb relief beyond that is sought.
*654 A breach of the contract is stated as the ground of recovery. The contract is not one by which the defendant promises to pay money. He does not promise- to pay money in any event, and full performance of it would not require the payment of any. Still it is an action arising ex contractu, or on contract. The Code does not require that the contract should be one stipulating by its terms for the payment of money, but only that the action should be one arising on contract, and that only money should be sought to be recovered. The theory of the complaint is, that by reason of the contract, and the breach of it, the defendant is liable to pay, and the plaintiff is entitled to demand, the two sums of $1,000 and $300.
If this be the correct view of the action, and of what is sought to be recovered in it, the Code is imperative that the clerk shall ascertain and assess the damages (§ 246, sub. 1). That subdivision contemplates that the clerk shall assess damages in other cases than “on an instrument for the payment of money only.” This is an action for the “ recovery of money only,” within the meaning of those words as used in § 304, sub. 4, and § 53, sub. 1, § 310, § 227, and § 253.
This case is distinguishable from West v. Brewster, 1 Duer S. C. R., p. 647. In the latter case there was a prayer for a judgment that the defendant account, and if such a judgment may be had under the Code, then the action was for something besides the recovery of money only, notwithstanding that only was the ultimate result sought to be secured. In West v. Brewster, as the complaint was framed, the costs would probably be in the discretion of the court (Code, § 304, 305, 306), and the action would be triable by the court (§ 253, 254). Tiiis action, if put at issue, would necessarily be triable by a jury, unless such a trial was waived, or the action was referred.
I think the form of the summons erroneous. If correct in this view, this is an action in which the Code requires that the damages, if any assessment was necessary, should have been assessed by the clerk, and it was irregular to enter a judgment otherwise than as authorized by the Code. Still I think there are plausible grounds for construing sub. 1 of § 129, to mean by “ contract,” as there used, a contract by which a party promises to pay money, and to refer to actions brought *655 to recover only the naoney so promised to be paid. The contract need not specify the sum to be paid, nor be written. It would, thus construed, include the class of actions heretofore brought upon a quantum meruit, for goods sold, services performed, and all other contracts by which a party is bound to pay a sum certain, or what the law on the facts proved deems to be reasonable.
Even the latter construction would give the clerk the power to assess damages in a much larger class of cases, than was allowable by the pre-existing law. (2 R. S. 356, § 2; Code, § 246, sub. 1.)
But the language of the Code seems too explicit to justify such a construction as last suggested. The plaintiff’s proceedings were therefore irregular. The defendant, on stipulating not to bring any action by reason of the levy of the execution, may have an order setting it aside, and vacating the judgment, with liberty to answer or demur to the complaint in ten days, and the order must provide that the plaintiff be at liberty to amend his summons and notice the cause for trial for the next May term. The terms of this order are fixed upon the basis, that the plaintiff’s attorney is irregular, but not so palpably so, that he ought to be subjected to any costs from which the court can exempt a party, whose proceedings, though irregular, have been taken in good faith. Whether the complaint does or does not state facts sufficient to constitute a cause of action, is a question which does not affect the regularity of the proceedings in entering the judgment, and will not be decided on this motion. (The other judges, on consultation, concurred.)