## SUPREME COURT.

### Thos. B. Ridder, Edgar M. Crawford & Francis Palmer agt. William Whitlock.

An action against a defendant, employed by the plaintiffs to sell goods as a pedler, and return to the plaintiffs the proceeds of the goods sold, with any goods not sold by him, wherein the contract of hiring is set out in the complaint, with allegations that the defendant had a portion of such goods and money, received for another portion thereof, belonging to the plaintiffs, which he neglected and refused to account for to the plaintiffs, but *converted the same to his own use*, is not an action arising on contract; the contract being only *inducement* to the action, while the *gravamen* of the complaint is the *conversion* of the goods and money by the defendant.

Had the allegations that the defendant *converted* the goods and money of the plaintiffs to his own use been left out of the complaint, the action would have been one on contract.

It will be presumed that the summons in an action, in the supreme court, is drawn before the complaint is framed, although the latter is served with the summons.

The summons must indicate the nature of the action, *i. e.*, whether it is one arising on contract for the recovery of money only, or one in which the plaintiff will apply to the court for relief.

Where the cause of action stated in the complaint is different from that indicated by the summons—the latter showing the action was one on contract, and the former containing a cause of action for a tort—it was *held* the complaint should be set aside, although it was served with the summons.

This is analogous to the practice prior to the Code, where, if the plaintiff in declaring did not pursue the cause of action, as set forth in the *ac-etiam* part of the *capias* by which the suit was commenced, the declaration, and not the *capias*, was set aside.

Where plaintiffs, in their complaint, so blend and mix together allegations perti-

Ridder, Crawford & Palmer agt. Whitlock.

nent to two different causes of action, one *ex contractu*, and the other *ex delicto*, that it is uncertain from the complaint whether they will base their action on contract, or go solely for the tort at the trial, it was *held*, when the pleading was brought in question on a motion, that the complaint should be construed most unfavorably against the party making it.

A defendant may be arrested in an action for money received, or property embezzled, or fraudulently misapplied, as an agent of the plaintiffs, or while he was acting for the plaintiffs in a fiduciary capacity—such as a pedler of goods for the plaintiffs—it is immaterial whether the facts authorizing the arrest are or are not inserted in the complaint; or whether the action is brought on the contract for not accounting for and paying over the goods and money to the plaintiffs; or in tort for the *conversion* of the goods and money.

In such a case, the plaintiffs may elect whether they will sue on the contract for refusing to account, or for the defendant's breach of duty, arising out of his employment for hire, and the *conversion* of the money and goods by the defendant to his own use.

*Tompkins Special Term, Jan., 1856.*

The complaint in this action was served with the summons. The summons contained a notice, that if the defendant failed to answer the complaint within twenty days, &c., the plaintiffs would take judgment against the defendant for $363.16, with interest thereon from the 30th day of July, 1855, besides costs.

The complaint states that the plaintiffs employed the defendant as a pedler, to take goods and merchandise, belonging to the plaintiffs, and sell and dispose of the same for the plaintiffs; the plaintiffs agreeing to pay the defendant a certain sum as a compensation for his services; that the defendant was charged, from time to time, with the goods taken by him, and credited, from time to time, with the goods unsold, which he returned to the plaintiffs, and with the notes and money he received for the goods which he delivered to the plaintiffs. That under this agreement the plaintiffs, at Ithaca, in the summer of 1855, delivered to the defendant goods at some ten or a dozen different times; and that the greater portion thereof the defendant sold and accounted for to the plaintiffs. That, finally, the defendant had, of said goods and merchandise, and in money and notes he received therefor, belonging to the plaintiffs, the sum and value of $363.16, which the defendant, at certain times specified, *converted to his own use*, and had neglected and refused to

account for and pay to the plaintiffs, although by them often requested so to do. Wherefore, the plaintiffs demanded that the defendant might be adjudged to pay the plaintiffs' *damages* to the sum of three hundred and sixty-three dollars and sixteen cents, with interest from the 30th day of July, 1855, besides costs.

The defendant now moves to dismiss the *proceedings* in this cause for irregularity : for that the summons concludes as if in an action upon contract, and the complaint is in an action not upon contract; and for such other or further order as to the court shall seem proper, with costs of the motion.

The plaintiffs' counsel insists that the complaint only states a cause of action on contract; but if the court should hold the contrary position he asks leave to amend the summons so it will conform to the complaint.

ALFRED A. WELLS, *for plaintiffs.*
WILLIAM BRUYN, *for defendant.*

BALCOM, Justice.   By striking from the complaint the allegation that the defendant *converted to his own use* the goods, notes and money of the plaintiffs therein described, which he had neglected and refused to account for and pay to the plaintiffs, when by them requested so to do, the entire cause of action set forth might be regarded as *arising on contract,* and the complaint would conform to the summons, which contains the appropriate notice prescribed by *sub.* 1 of § 129 of the Code. The form and language of the complaint would then be substantially like declarations in assumpsit under our former system of practice in actions against an agent employed to sell goods, and for not duly accounting for the goods, or for the moneys received by him. (*Chit. Pl.* 7*th Am. ed. from* 6*th London ed., vol.* 2, *pp.* 341 *and* 344; *also see id. p.* 335, *id. p.* 263; *Yates Pl.* 236.)

While the charge of a *conversion* of the goods, notes and money by the defendant remains in the complaint, it is doubtful whether the gravamen of the action is not the conversion; and

Ridder, Crawford & Palmer agt. Whitlock.

whether the action is not in substance *ex delicto*. If it can be considered as *ex delicto*, and arising from the conversion, then the contract stated in the complaint must be regarded as *inducement* only, to the real cause or gist of the action.

This is the construction put upon the complaint by the defendant's counsel; and there are decisions which countenance such a construction. "If the contract be laid as *inducement* only, it seems that case for an act, in its nature a tort or injury, afterwards committed in breach of the contract, may often be adopted. On this ground, case for not accounting for, *and for converting to the defendant's use*, bills delivered to him to be discounted, or the proceeds of such bills, is probably sustainable." (1 *Chit. Pl.* 154, ed. before cited; 6 *East.* 333.)

"And in *Mast* agt. *Goodson*, (3 *Wils.* 348,) it was held that a count *in case*, setting out an agreement by which the plaintiff was to build a yard in defendant's close, and lay out not less than £20, and was to enjoy it for life; and averring that defendant built the yard, and enjoyed it for some years as an easement, but defendant afterwards *wrongfully obstructed* him in the enjoyment of it, was good." "In that case," says *Chitty*, (1 *Chit. Pl.* 154,) "the action was founded on a contract; but the obstruction to the plaintiff's right for which the action was brought, was *ex delicto*, although the right also arose out of the contract."

As before stated, it is doubtful whether the breach of the contract in this case is set out as the gist of the action, or whether the *conversion* is not the real cause for which the action is brought. There can be no doubt but the plaintiffs had their election, either to base their action on the contract, alleging the neglect or refusal of the defendant to account for the goods, money and notes, and pay the same to the plaintiffs when requested so to do; or to allege the defendant's breach of duty arising out of his employment for hire, and the conversion of the goods, money and notes by him, belonging to the plaintiffs, as the gravamen of their complaint. (1 *Chit. Pl.* 163, ed. before cited.)

The breach of duty and conversion in the latter case would

Ridder, Crawford & Palmer agt. Whitlock.

be the gist of the action, and the manner the goods, money and notes came into the defendant's hands would be quite immaterial, the same as it formerly was in the old action called *trover*. (*Gra. Pr.* 2d ed. 206.)

The difficulty in this case arises by the blending, or the connecting together in the complaint, of allegations proper and pertinent to an action solely on the contract, and also to an action for the tort or conversion of the property. This, perhaps, is allowable under the Code, which prescribes that the complaint shall contain "a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition." (§ 142 *of the Code, sub.* 2.)

The allegation in the complaint, that the defendant converted to his own use the goods, notes and money therein mentioned, must be deemed a part of the transaction constituting the real cause of the complaint against the defendant. It is perfectly consistent with the other allegations in the complaint; and there are no perceivable reasons why it should not remain there, if the complaint is tested solely by the Code itself. (§ 167 *of the Code, sub.* 1.)

The charge of a conversion in the complaint is not only proper, but absolutely necessary to make the action *ex delicto*, instead of *ex contractu*. It has made the defendant's counsel believe the complaint charged a tort upon the defendant, and not a simple breach of the contract. The allegation was wholly unnecessary, if a breach of the contract only was charged.

For what purpose, then, was the charge of converting the goods, notes and money, inserted in the complaint?

It is fair to presume and hold, it was inserted therein to characterize the action as *ex delicto*, and to distinguish it from one arising on contract. The plaintiffs should be held to this construction of their complaint by the old and familiar rule, that a pleading should be construed most strongly against the party whose pleading is brought in question. This construction does no violence to § 140 or § 159 of the Code; for, by it the ordinary and popular sense of the language used in the complaint is adopted; and it is presumed men of ordinary understandings,

Ridder, Crawford & Palmer agt. Whitlock.

who are not lawyers, would put a similar construction upon the language of this complaint.

Whether the action is founded solely on the contract, or the gist of it is for the conversion; or whether the allegation of a conversion is in the complaint or not, is wholly immaterial in determining the question, whether the defendant can be arrested before judgment is rendered in the action, or afterwards on an execution against his person. An order of arrest may be granted in an action for money received, or property embezzled, or fraudulently misapplied by any agent or other person in a fiduciary capacity. (*Sub.* 2, § 179 *of the Code.*) An agent employed to collect moneys for his principal is liable to arrest where he appropriates such moneys to his own use. (*Stoll* agt. *King*, 8 *How. Pr. R.* 298; *Burhans* agt. *Casey*, 4 *Sand.* 707.)

It is pretty well settled, that it is not necessary the facts which render a defendant liable to arrest should be stated in the complaint. (*Cheney* agt. *Garbutt*, 5 *How. Pr. R.* 467; *Masten* agt. *Scovill*, 6 *id.* 515; *Corwin* agt. *Freeland*, 2 *Selden*, 560.) The principle involved in this point was determined the same way prior to the Code. (*Stage* agt. *Stevens*, 1 *Denio*, 267.)

The motion to dismiss the proceedings in the cause cannot be granted, because it is too broad and comprehensive. The summons cannot be set aside. It is in proper form, and it clearly shows the action is one arising on contract, which fact was not only properly but necessarily stated in the summons. (§ 129 *of the Code.*) The motion should have been to set aside the complaint, on the ground that the complaint varies from the cause of action indicated by the summons.

Prior to the Code, the true cause of action had to be stated in the *ac-etiam* part of the *capias* by which the action was commenced. And in declaring, if the plaintiff did not pursue the cause of action as set forth in the *ac-etiam*, his declaration and subsequent proceedings only, and not the *capias*, were set aside for irregularity. (*Gra. Pr. 2d ed.* 119; *Rogers* agt. *Rogers*, 4 *J. R.* 485; *Roosevelt* agt. *Smith and Vansantvoord*, 16 *J. R.* 44; *Durfee* agt. *Heimstreet*, 1 *Wend.* 305.)

In analogy to the practice prior to the Code, and by the Code

Ridder, Crawford & Palmer agt. Whitlock.

itself, the summons must show whether or not the action arises on contract. The complaint, whether served with the summons or subsequently, must conform to the nature of the action appearing in the summons. It will be presumed, in all cases, that the complaint is drawn subsequent to the making or issuing of the summons. The plaintiff should know, before his summons is made out, whether his action arises on contract for the recovery of money only. If he mistakes the nature of his action, he can ask the court for leave to amend his summons. He should not be allowed to make his complaint for a cause of action not indicated by his summons, and then be permitted to say to the defendant, when brought up by a motion for the irregularity, "my complaint is right and my summons is wrong." To hold that the complaint should control the summons, instead of the latter controlling the former, as to the nature of the action brought, would be somewhat like making a judgment conform to the execution issued on it. It would be *currus bovem trahit.*

As the irregularity complained of is pointed out in the defendant's notice of the motion, relief may be granted under that part of the notice which states the defendant will ask the court for such other or further order as to the court shall seem proper; and the complaint is set aside, unless the plaintiffs shall, within twenty days, amend the summons so it will conform to the complaint, or amend the complaint so it will agree with the cause of action indicated by the summons.

Both parties having erred in their proceedings, no costs of motion are given to either party.