## SUPREME COURT.

### David N. Tuttle, William G. Cutting and Washington J. Tuttle agt. Casper D. Smith.

In an action for the recovery of damages occasioned by the breach of a contract, and which are unliquidated in their amount, the contract itself being not for the payment of money only, but for the performance of various other acts, with or without such payment, the *summons* should be in the form given by *sub.* 2, *of* § 129 of the Code, and contain a notice of an *application to the court.*

The phrase " for the recovery of money only," used in sub. 1, of § 129 of the Code, must be construed to mean, the recovery of a definite sum of money *as such,* and without calling upon the court to ascertain or adjudge anything but the existence and terms of the contract by which it is due.

Whenever the action requires the determination of amounts unliquidated in their nature, requiring other proof, and depending upon other considerations than such as appear in the contract itself, then the action is not for the recovery of money only, as money due and payable by the contract on which the action arises. It is rather an action to establish and ascertain the plaintiff's right to damages which are to be paid and satisfied in money. (*The several reported cases on this question reviewed.*)

An *appearance* admits the regularity of the summons and its service, by which the party is brought into court; but it does not admit the identity of the *cause of action* indicated by the summons with that set out in the complaint, although both are served together. The complaint, although it may be drawn and served with the summons, is in order, and, in legal contemplation, a subsequent step in the procedure. If the complaint varies from the process, there is the same reason and the same right to object to the complaint that there formerly was to set aside a declaration which varied from the writ.

*Dutchess General Term, April,* 1857.

*Present,* S. B. Strong, *P. J.,* Birdseye and Emott, *Justices.*

This was an appeal from an order granted at special term, setting aside the complaint in this action on account of variance from the summons. The summons was as follows:—

(*Title of the cause.*)

" *To Casper D. Smith—*

" You are hereby summoned and required to answer the complaint in this action, (a copy of which is herewith served

on you,) and to serve a copy of your answer to the said complaint on the *subscribers*, at their office in Poughkeepsie, Dutchess county, New-York, within twenty days after the service of this summons on you, exclusive of the day of such service; and if you fail to answer the said complaint within the time aforesaid, the *plaintiffs* in this action will take judgment against you for the sum of twelve thousand dollars, besides the costs of this action.

"NELSON & PULTZS, *Pl'ffs Att's,*
"*Dated Aug.* 9, 1856.                    *Poughkeepsie.*"

The complaint (which was served with the summons) was as follows:—

*(Title of the cause.)*

"The complaint of said plaintiffs respectfully shows to this court—

"That on or about the 20th of October, 1856, the said defendant and one Edgar Sleight entered into a contract under seal, which is hereto annexed; which contract plaintiffs make a part of this their complaint. That said defendant neglected and refused to perform said contract on his part in this—to wit, That he, said Smith, did not invest, and keep invested, the sum of $10,000, in the purchase of corn to be ground into meal, as stated and agreed by said Smith in and by said contract. That said Smith did not deliver corn as the capacity of the mills mentioned in said contract required, and the capital to be invested in and by the terms of said contract would permit—nor in quantities to the amount of, or at the rate of six thousand bushels of shelled corn per week, as in and by said contract said Smith did covenant and agree; and that said Smith was, on the 30th day of July, 1856, indebted to said Sleight in the sum of two hundred dollars, for the sum said Smith in and by said contract agreed to pay said Sleight towards said Sleight's costs and charges of receiving, delivering, transporting, grinding and returning corn, when ground, to said Smith at the foot of Christopher street, in the city of New-York, and for the services of

Tuttle, Cutting and Tuttle agt. Smith

said Sleight, and the insurance and other expenses, paid by said Sleight in and about the business provided for in said contract, being the sum of eight cents for each bag of meal of one hundred pounds, ground from shelled corn, and the sum of ten cents for each bag of meal of one hundred pounds ground from corn in the cob; which said Smith promised and agreed to pay said Sleight in and by said contract, but has neglected and refused to pay.

" That said Sleight fully performed the said contract on his part.

" That said Sleight was greatly damaged by the non-performance of said contract by and on the behalf of said Smith—to wit, in the sum of ten thousand dollars.

" No. 2. And the plaintiffs further show that, on the said 30th of July, 1856, the said defendant was indebted to the said Edgar Sleight in the further sum of $700, being the amount found due and owing by said defendant to said Sleight on an adjustment of certain demands and accounts, existing between said defendant and said Sleight, had and made between them on or about the first day of May, 1855.

" No. 3. And plaintiffs further state that, on said 30th of July, 1856, said defendant was indebted to said Edgar Sleight in the further sum of $500, for goods, wares and merchandise—to wit, a large quantity of bags and white meal, sold and delivered by said Sleight to said Smith, at the instance and request of said Smith.

" And the plaintiffs further state, that they now are, and for upwards of one year past, have been co-partners in business, under the style and form of Tuttle, Cutting & Co. That on said 30th day of July, 1856, the said defendant then being indebted to said Sleight in the amounts; and for the causes of action above stated, he, the said Edgar Sleight, for a valuable consideration, did duly sell, assign, transfer and set over to said plaintiffs the said claims and demands and causes of action, and all claims and demands of him, the said Edgar Sleight, against said defendant to said plaintiffs, and said plaintiffs thereby became, and now are, the lawful holders and owners of said claims

and demands, and defendant became, and now is indebted to said plaintiffs in the amounts thereof, and the interest due thereon.

"Wherefore said plaintiffs demand judgment against said defendant in the sum of twelve thousand dollars, besides costs of this action.

"NELSON & PULTZS, *Pl'ffs' Att'ys.*"

Then followed the agreement.

NELSON, *for plaintiffs.*
J. H. JACKSON, *for defendant.*

By the court—EMOTT, Justice. Further reflection has only induced me to adhere to the opinion expressed at special term, and upon which this motion was decided, that in an action for the recovery of damages occasioned by the breach of a contract, and which are unliquidated in their amount, the contract itself being not for the payment of money only, but for the performance of various other acts, with or without such payment, the summons should be in the form given by subdivision 2, of § 129 of the Code, and contain a notice of an application to the court.

This question was presented to the court very soon after the adoption of the Code. In *Dibblee* agt. *Mason*, (1 *Code R.* 37,) Judge EDMONDS held, that in an action for goods sold and work and labor done, the summons must give notice that the plaintiff, in default of an answer, would take judgment for a sum certain.

This case has been referred to in subsequent decisions upon the present question, but its bearing is somewhat remote. The action for the price of goods and the price or value of labor, is directly, in form and principle, upon a contract either express or implied, by which the defendant is bound to pay for the goods, or the labor, their price or value—a sum certain by the agreement, or capable of being reduced to certainty by mere calculation from the elements which the agreement contains. The action is therefore on the contract, and brought for its per-

formance by the payment of a sum of money, which, by its
terms, is required of the defendant.   Such a case obviously ful-
fils the requirements of the definition in the first subdivision of
this section of the Code.

It is clearly an action arising on contract for the recovery of
money.

There would be nothing for the court to do upon an applica-
tion for judgment, but to order judgment for the amount which
the defendant was bound to pay by the terms of his agreement.

In *Leopold* agt. *Poppenheimer*, (1 *Code Rep.* 39,) Judge UL-
SHŒFFER, of the common pleas, held that, in an action for
damages for the breach of a promise to marry, the summons
should give notice, that if the defendant failed to answer, the
plaintiff would take judgment for a specified sum.   His obser-
vations on this part of the case are very brief, and are not, I am
obliged to say, satisfactory to my mind.

In *Williams* agt. *Miller*, (4 *How. Pr. Rep.* 94,) Mr. Justice
HARRIS made a similar decision.   But in *Flynn* agt. *Hudson
River Railroad Co.*, (6 *id.* 308,) that learned judge says, that
he never felt satisfied with those decisions, and should not re-
gret to see them examined and disapproved.   In the latter case
(6 *How.* 308) it was held that, in an action against a common
carrier of passengers for the value of the baggage of a person
carried by them, founded on their common-law liability, and
not alleging any negligence, the summons should contain notice
of an application for relief.   It is true, this decision was put
on the ground that the action against a carrier savored of tort,
and was founded, in part at least, on negligence presumed or
proved.   But, as I read the report of that case, no negligence
was averred, and, with deference to the experienced judge who
decided it, the decision can be sustained, and I think satisfac-
torily, on other grounds.

It may be mentioned here, that the court of appeals, in *Camp-
bell* agt. *Perkins*, (4 *Seld.* 436,) have held, that a claim against
a carrier for goods lost by him, was a claim arising on contract
so as to be barred by a bankrupt discharge, although asserted
in an action on the case.

I apprehend the learned judge felt embarrassed by the cases of *Williams* agt. *Miller*, and *Leopold* agt. *Poppenheimer*, which, while he felt dissatisfied with, he did not feel authorized to overrule or expressly depart from.

The case of *Clor* agt. *Mallory*, (1 *Code Rep.* 120,) which Judge HARRIS follows in the opinion I have just mentioned, was, in its circumstances, very similar to the one then before him. But I do not understand it to have been decided altogether upon the same grounds on which he places his opinion in that case. I think that case goes further.

In *Clor* agt. *Mallory* the complaint set out that the defendants received and undertook and agreed to transport certain goods from New-York to Buffalo for certain reward, and that they failed to deliver the property. The summons was in the form required by subdivision 1 of the section of the Code which we are considering, and upon receiving no answer the plaintiff took judgment for the sum indicated in his summons. This judgment was set aside as irregular, and the form of the summons was held to be wrong.

Judge JOHNSON, in a well considered opinion, points out the hardship that would result from the construction contended for by the plaintiffs in that case, as in the present. In addition to the forcible reasons which his opinion contains, it may be suggested that cases might occur where grievous injustice would be done by such a practice. Take the case of an action by a female for the breach of a promise of marriage, where the excited feelings or fancy of the plaintiff would induce her not only to state, but to swear to almost any amount of damages. This has been held, and if I am wrong in this construction I have adopted, it undoubtedly is one of the class described in this section as "actions on contract for the recovery of money only," and the plaintiff may therefore give notice in the summons, that if no answer is put in, she will take judgment for the amount claimed as damages in the complaint. Now, if the complaint be verified, and it be true that there was a contract and a breach, and the defendant be too conscientious to deny it under oath, what is he to do? Is it not very doubtful whether a mere denial of

the allegation that the plaintiff is damaged five or ten thousand dollars, as the case may be, would be good pleading, or would form any issue. And if such an answer were struck out, or if the defendant wished to be spared the expense and the exposure of a defence and a trial, and therefore made default, the plaintiff must have judgment for the whole amount of damages she claims, without the defendant ever having been allowed any opportunity to try the question of damages in any way. A construction of the Code which would lead to such consequences, if it be according to its letter, cannot be in accordance with its spirit, if its design and effect be what its admirers claim.

Judge JOHNSON discriminates between actions upon contracts for the payment of money on their face, and another large class of actions for the recovery of damages, merely on account of the non-performance of some stipulation or duty other than the payment of a sum of money, although money only was sought to be recovered as damages. And he says the latter class fall properly under the second subdivision of § 129, where proof of the facts is necessary to enable the court to give judgment.

I think this is the proper distinction, and it is sanctioned by the opinion of the late Justice BARCULO, in *The Cemetery Board of Hyde Park* agt. *Teller*. (8 *How*. 504.) That case was the converse of the present. The action was for damages for the breach of a contract to convey lands, but the damages were liquidated by the contract, and therefore the contract was, in effect, for the payment of the liquidated amount in case of a breach. It was held, therefore, to fall properly under the first subdivision of the section. This was all which was involved in the decision; but the learned judge expresses an emphatic opinion that the second subdivision can only be applied to contracts which, in *terms*, provide for the payment of money.

The same view seems to be taken by the superior court. In *West* agt. *Brewster*, (1 *Duer*, 649,) Judge OAKLEY decided, after consultation with all his associates, that in an action against an attorney for an account and payment of moneys collected by him, the summons should conform to the second subdivision of the section. The chief justice says, the first subdivision,

Tuttle, Cutting and Tuttle agt. Smith.

which we are considering, refers to actions at law in which, from the nature of the contract, the plaintiff knows and can specify the sum he is entitled to recover.

The phrase "for the recovery of money only" ought not to be considered as marking a class of cases which are distinguished only from actions brought to compel the performance of some specific act or thing, and terminating there. Such a classification evidently would be insufficient. There are many cases where specific relief is to be administered, and yet the ultimate object of the suit is the recovery of money. Such are foreclosure suits, and suits for the administration of assets and the payment of legacies. These are suits for the recovery of money only, and not of any specific thing, and yet requiring specific relief, and an application to the court to obtain ultimately the money for which the suit is brought. These are confessedly included among the actions referred to in the second subdivision. Yet they are actions founded on contract, and brought for the recovery of nothing but money, not of land nor chattels, nor any specific right or thing.

The phrase in question must be construed to mean, the recovery of a definite sum of money as such, and without calling upon the court to ascertain or adjudge anything but the existence and terms of the contract by which it is due. Whenever the action requires the determination of amounts unliquidated, in their nature requiring other proof and depending upon other considerations than such as appear in the contract itself, then the action is not for the recovery of money only, as money due and payable by the contract on which the action arises. It is rather an action to establish and ascertain the plaintiff's right to damages, which are to be paid and satisfied in money. It may be said that this is a refined construction of the statute. Undoubtedly it is, but it is necessary to resort to it to prevent the most absurd as well as iniquitous results.

That it is the just and proper construction will further appear from an examination of § 246 of the Code, which regulates the manner of giving judgment in case the defendant fails to answer. In all cases included within the general descrip-

tion of actions on contract for the recovery of money only, if the complaint be not sworn to, the clerk, from the examination of the plaintiff under oath, or other proof, (and such other proof seems only to be required or allowed for the plaintiff's convenience, as when he is absent or the like,) is to ascertain, not any of the facts alleged in the complaint, not the extent or character of the breach or injury complained of, but simply " the *amount* which the plaintiff is entitled to recover—that is, the amount due by the contract on which suit is brought. This examination was not supposed or intended to include anything but a computation of amount, for all the cases where more than this is requisite, were evidently intended to be regulated by the second subdivision of this section, as cases where the proof of some fact is necessary to enable the court to give judgment. Can it be said that the proof of facts is not necessary to enable the court to give judgment in a case like the present, brought to recover unliquidated damages for the breach or breaches of an agreement, requiring many specific acts in carrying on a business which was jointly undertaken by the parties. On the defendant's default, the contract and its breach, and that the plaintiff is entitled to damages, are indeed admitted ; but it is impossible that their amount should be stated with precision, or admitted by a failure to answer, so that the court, acting through its clerk, can justly be said to have before it all the facts necessary to enable it to give judgment. The extent of the injury, or the amount of damage, is matter of judgment or legal discretion depending on extrinsic facts. It may be stated first in the complaint in round numbers, according to the claim and opinion of the plaintiff, but it must be determined upon evidence, or the proof of facts which cannot be pleaded, but it must be exhibited to the court to enable it to make any clear, not to say just, disposition of the matter.

I am entirely clear that the rule of the statute is what Judge HARRIS justly says in *Flynn* agt. *Hudson River Railroad Company*, (8 *How.* 310,) it ought to be that where the action is brought for the recovery of a money demand, payable by the contract on which the action is brought, and certain in amount,

or capable of being reduced to certainty by computation from the terms of the contract, then judgment may be perfected without application to the court. In all other cases, and therefore in all cases like the present—of claims for unliquidated damages for the breach of specific agreements, not for the payment of money, such application is necessary.

It was urged with much confidence on the argument, that this difficulty was waived by the notice of appearance given by the defendant. It must be confessed, that some of the opinions which have been delivered in cases somewhat similar to this, look that way. But it will be found that these cases were motions to set aside the summons, or all the proceedings, and it is a rule which has always been adhered to, that an appearance to process waives any mere irregularities or formal defects in the process or its service. If the objection here was to the summons, or the motion necessarily reached to setting that aside, the answer that the defects were waived by a general appearance would be complete. But here the defendant wishes to treat the summons as regular, and does not object that he has not been sufficiently and formally brought into court, but that the next step of the plaintiff, after obtaining jurisdiction, was a departure from his summons or process. For although the summons and complaint may be served together, as they were in this case, and although in one or two cases they seem to have been regarded as performing together the joint office of commencing a suit, I do not so understand the Code. Suits are to be commenced by the service of a summons (§ 127) which must be in one of two forms, as it is intended to commence an action belonging to one or the other of two classes.

The complaint, although it may be in fact drawn and served with the summons, is in order, and, in legal contemplation, a subsequent step in the procedure. The summons brings the defendant into court, the complaint states the grievance of the plaintiff and the remedy he asks. If the complaint varies from the process, there is the same reason and the same right to object to the complaint that there formerly was to set aside a

Tuttle, Cutting and Tuttle agt. Smith.

declaration which varied from the writ. (*Ridder* agt. *Whitlock*, 12 *How.* 208, *and cases cited.*)

The appearance admits the regularity of the summons and its service, but not the identity of the cause of action indicated by the summons with that set out in the complaint.

Mr. Justice MARVIN, in *Voorhies* agt. *Scofield*, (7 *How.* 51,) concedes that there are cases when a general notice of appearance will not be a waiver of irregularities previously committed, although he inclines to the view taken by Mr. Justice CRIPPEN, in *Webb* agt. *Mott*, (6 *How.* 439,) that the complaint will control the summons when they are served together.

With due respect to these opinions, I think logical consistency, as well as the tenor of the Code, requires us to hold otherwise, and that the views of Mr. Justice BALCOM, in *Ridder* agt. *Whitlock*, (12 *How.* 208,) are more in accordance with both the former and the present practice, and that the summons must control the complaint and indicate the nature of the action.

The order of the special term should be affirmed, with liberty to the plaintiff, if he wishes to bring an action like that indicated by the complaint, and is liable to be encountered with a plea of the statute of limitations in case he discontinues the present suit, to apply at special term to amend his summons.

As the question is embarrassed with conflicting decisions, the defendant should have no costs of this appeal, unless he ultimately succeeds in the action, in which event he may tax ten dollars for such costs as part of his costs of the cause.