## HARTSHORN *a.* NEWMAN.

*Supreme Court, First District; General Term, Nov.,* 1862.

### DAMAGES BY FRAUD.—FORM OF SUMMONS.

In actions to recover damages for fraud and deceit, the summons should be for relief, according to subd. 2 of section 128 of the Code.*

Thus in an action to recover damages for having induced plaintiff to buy a promissory note by falsely representing it to be a business note, a summons demanding judgment for a specified sum, according to subd. 1 of section 128, is irregular.

---

\* In the case of LEVY *a.* NICHOLAS (*N. Y. Superior Court, Special Term, August,* 1862), it was *Held,* that in an action for unliquidated damages, upon breach of a contract,—*e. g.,* an undertaking of bail,—the summons must be for relief.

*Mr. Hartford,* for the defendants, moved to set aside the complaint for a departure from the summons in this respect.

*S. B. H. Judah,* opposed.

ROBERTSON, J.—I think the summons was incorrectly drawn. Section 129 of the Code provides that " in actions arising on contract for the recovery of money only," the notice to be inserted is, that the plaintiff " will take judgment for a sum specified therein, if the defendant fail to answer the complaint," and in such action, section 246, subd. 1, provides that the clerk shall enter judgment for the amount mentioned in the summons. The undertaking in this case was simply that the defendant should render himself amenable to the process of the court, and the action is for damages for his not having been so. I concur with the views of Judge Barculo in Hyde Park *a.* Teller (8 *How. Pr.,* 504), that subd. 1 of section 129 ought only to apply to contracts providing in terms for the payment of money. Whenever it is necessary to go out of the contract to fix the amount, such provision is inapplicable. (Tuttle *a.* Smith, 6 *Abbotts' Pr.,* 329 ; S. C., 14 *How. Pr.,* 395 ; West *a.* Brewster, 1 *Duer,* 647.) Upon that principle Justice Strong decided in Kelsey *a.* Covert (15 *How. Pr.,* 92), that in such an action as this, notice should be given under the second subdivision, because, as he argues, the amount specified is not the sum to be paid, but the limit of it. The first subdivision was not intended to include all cases of contract where only money is demanded, as has been decided in numerous cases collected in note 6 to section 129 of the Code. (*Code,* 1860, Voorhies ed., 116.) I do not think the case of Croden *a.* Drew (3 *Duer,* 652) militates against this.

The complaint must be set aside, unless the plaintiff elect to amend that or the summons, and without costs.

If the defendants wish to obtain the favor of extending the time of surrendering their principal, they may have such time extended thirty days, on paying the plaintiff's costs prior to filing the complaint, and $10 costs of opposing this motion.

Consult, also, Norton *a.* Cary, 14 *Abbotts' Pr.,* 364.

Appeal from an order denying a motion to strike out the complaint.

This action was brought by William L. Hartshorn against Charles Newman and C. Belden Hall. The summons stated, that on failure to answer, &c., the plaintiff would take judgment for $400, with interest from May 26th, 1862. The complaint alleged that the defendants, conspiring to defraud the plaintiff, by sundry misrepresentations induced the plaintiff to discount a note of $287.40 ; that by reason of the matters set forth plaintiff had sustained damage in the sum of $400 for which amount judgment was asked. A motion was made by the defendants to strike out the complaint as inconsistent with the form of the summons. Mr. Justice Ingraham denied the motion, and the defendants appealed.

*Gideon L. Walker*, for the appellants.

*Edward Forbes Travis*, for the respondent.

BY THE COURT.—INGRAHAM, P. J.—This action was against the defendants for selling to the plaintiff a note, which they falsely represented to be a business note, &c., and claiming to recover from them, for the fraud and deceit, the value of the note so sold. On the hearing of the motion, I thought that as the plaintiff could only recover the amount of the note and interest, he could take judgment for that amount, and no application to the court was necessary.

Upon more reflection, however, I am satisfied that the note is to be considered only as inducement to the action, and the true cause of action is the fraud and deceit.

In such a case the application for judgment must be to the court, and the summons should have corresponded with the complaint. The cases of Ridder *a.* Whitlock (12 *How. Pr.*, 208) and Tuttle *a.* Smith (6 *Abbotts' Pr.*, 329 ; S. C., 14 *How. Pr.*, 395), are authorities on this point.

The order must be reversed and the motion granted, with $10 costs, with leave to plaintiff in twenty days to amend summons on payment of such costs, and without prejudice to the order of arrest.

PECKHAM and LEONARD, JJ., concurred.