[No. 1195.]

## JAMES SWEENEY, RESPONDENT, *v.* G. D. SCHULTES ET AL., APPELLANTS.

PRACTICE — NOTICE IN SUMMONS — WHEN DEFECTIVE. — Section 26 of the civil practice act (1 Comp. Laws, 1089) declares that a certain notice shall be inserted in the summons in certain actions, and that a different notice shall be given in others: *Held*, that the distinction, as made in the statute, should be observed and enforced by the courts as essential and necessary.

IDEM — OBJECT OF SUMMONS — GENERAL APPEARANCE OF DEFENDANT — EFFECT OF. — The object of a summons is to put the defendant upon notice of the demand against him, and to bring him into court at the time therein specified. If the defendant makes a general appearance by filing a demurrer or answer, the court could thereafter proceed and grant any relief to which the plaintiff is entitled, regardless of the error in the form of the notice inserted in the summons.

IDEM — HARMLESS ERRORS — Upon a review of the facts: *Held*, that the error of the court in refusing to set aside the summons, on the ground that it did not contain the notice required by the statute, was immaterial and harmless, and must be disregarded.

APPEAL from the District Court of the Sixth Judicial District, Eureka County.

The facts are stated in the opinion.

*H. K. Mitchell*, for Appellants:

The court erred in denying defendant's motions to quash the summons. The summons is fatally defective. (4 Phill. on Ev.

213; *Whitwell* v. *Barbier,* 7 Cal. 62; *Gray* v. *Hawes,* 8 Cal. 568–9; *Lyman* v. *Milton,* 44 Cal. 632; *Tuttle* v. *Smith,* 14 How. Pr. 398; *People* v. *Bennett,* 6 Abb. Pr. 343; *Luling* v. *Stanton,* 8 Abb. Pr. 378; *Cobb* v. *Dankin,* 19 How. Pr. 164; *Norton* v. *Cary,* 14 Abb. Pr. 364; 23 How. Pr. 469.)

*Wren & Cheney,* for Respondent:

The summons issued in this action is sufficient. A substantial compliance with statutory provisions regulating the form of summons and process is all that is necessary. (*Wheeler* v. *Smith,* 18 Wis. 651; *Barndollar* v. *Patton,* 5 Colo. 46; *Milan* v. *Sproull,* 36 Ga. 393; *Cleland* v. *Tavernier,* 11 Minn. 194; *Payne* v. *Collier,* 6 Mo. 321; *Lewis* v. *Grace,* 44 Ala. 307; *Ritter* v. *Offutt,* 40 Md. 207; *Slocomb* v. *Powers,* 10 R. I. 255; *Ins. Co.* v. *Highsmith,* 44 Iowa, 330; *Clawson* v. *Wolfe,* 77 N. C. 100; *Johnson* v. *Healy,* 9 Ben. 318; *Wiggins* v. *Richmond,* 58 How. Pr. 376; *Dunkle* v. *Elston,* 71 Ind. 585.)

By the Court, Hawley, J.:

This is an action of ejectment for the recovery of certain real estate and mesne profits. The defendants were personally served with summons. They appeared specially, and separately moved the court to set aside the summons, on the ground that it did not contain the notice required by section 26 of the civil practice act. The notice in the summons reads as follows: "And you are hereby notified that if you fail to appear and answer the said complaint, as above required, the said plaintiff will take judgment against you * * * for the restitution of said lots and parcels of land and premises, and five thousand dollars damages, and costs of suit."

The motions were denied, and time was given defendants to appear and answer. They appeared within the time given, and filed a joint demurrer to the complaint, it being therein stated that it was interposed "without waiving any rights they, or either of them, may have under or by virtue of his separate notice of motion to set aside the summons issued and served in this case, and the order and ruling of the court made thereon." The demurrer was overruled, and the defendants were given further time to answer. They failed to file an answer within the time given, and their default was duly noted by the clerk.

Thereafter, on the same day, they appeared and filed an answer, making therein the same reservation of their rights as contained in their demurrer. The plaintiff subsequently had the case set for trial, introduced his proofs, and obtained judgment for the possession of the property, and for $1,500 damages. This appeal is taken from the judgment.

Did the court err in overruling defendant's motion to set aside the summons? This question must, in our opinion, be answered in the affirmative. The statute declares in explicit and clear language what notice shall be inserted in the summons, viz.: "*First*—In an action arising on contract for the recovery of money or damages, that the plaintiff *will take judgment* for a sum specified therein, if the defendant fail to answer the complaint. *Second*—In other actions, that if the defendant fail to answer the complaint, the plaintiff *will apply to the court* for the relief demanded therein." (Civil Pr. Act, sec. 26; 1 Comp. L. 1089.)

This action came within the second subdivision of this section, and the summons should have contained the notice therein specified, instead of the notice required in the first subdivision, which relates to a different cause of action. The legislature having prescribed that a certain notice shall be given in certain actions, and that a different notice shall be given in others, the distinction, as made in the statute, ought to be observed and enforced by the courts as essential and necessary. (*Odell* v. *Campbell*, 9 Or. 305.)

In *Ward* v. *Ward*, the summons, as served upon the defendant, contained the notice required in the second subdivision of the statute, and the cause of action set forth in the complaint came within the class designated in the first subdivision. The defendant did not appear, and judgment was entered by default against him for the amount claimed in the complaint. He moved to set aside the judgment on the ground that the summons did not contain the notice required by law. The district court set the judgment aside, and the supreme court, in affirming the judgment, said: "We have no doubt that the entry of a judgment by default, in the absence of a notice in the summons, that in case the defendant failed to appear and answer within the time prescribed by law, the plaintiff would take judgment for the sum demanded in the complaint, was, at

least, such an irregularity as would justify the court in vacating the judgment." (59 Cal. 141.)

The defendants had the right to appear specially for the purpose of moving to set aside the summons, and their motions ought to have been granted, unless the plaintiff applied to the court for leave to amend the summons, and this is what he ought to have done. (*Pollock* v. *Hunt*, 2 Cal. 194.) This brings us to a consideration of the more important question, whether the error, in the light of the subsequent proceedings, was prejudicial to the defendants, or of such a character as demands a reversal of the judgment. Upon this point there appears to be considerable diversity of opinion. Decisions can be found apparently sustaining both sides of the question. (See authorities cited in briefs; also *Rider* v. *Whitlock*, 12 How. Pr. 213; *Brett* v. *Brown*, 13 Abb. Pr., N. S., 296; *Brown* v. *Eaton*, 37 How. Pr. 325; *Briggs* v, *Sneghan*, 45 Ind. 18; *Warren* v. *Crane*, 50 Mich. 301.)

But upon close inspection it will be ascertained that the real difference in the results are caused by a difference in the peculiar facts of each case and the particular language of the statutory provisions of the respective states, more than upon any controversy as to the general principles of the law.

Under the code of New York as it existed at the time of the decision in *Tuttle* v. *Smith*, 14 How. Pr. 395, suits were "commenced by the service of a summons" (How. N. Y. Code 1859, sec. 127); and it was held that the form of the summons, as to the notice required by section 129 of the code (similar to section 26 of our practice act), must come within the subdivision in which the cause of action to be stated in the complaint that should thereafter be filed, belonged. The complaint was set aside on the ground of variance between it and the summons, with leave to the plaintiffs, if they wished to have their complaint stand, to amend their summons. It was urged that the defect in the summons was waived by the appearance of the defendant. The answer to this, as given by the court, was that the defendant treated the summons as regular, and only objected that the course pursued by the plaintiff "was a departure from his summons or process." It was admitted that if the objection " was to the summons, or the motion necessarily reached to setting that aside, the answer that the defects were waived by a general appearance would be complete." The

decision in *Tuttle* v. *Smith* was followed as having settled the question of practice in *Cobb* v. *Dunkin*, 19 How. Pr. 166; but in the subsequent case of *Brown* v. *Eaton*, 37 How. Pr. 325, the court said it ought not to be followed in cases where the summons and complaint were served together, nor in any case where it clearly appeared that the defendant could not have been prejudiced by the mistake in the form of the summons.

Under the practice of this state, actions are "commenced by the filing of a complaint with the clerk of the court, and the issuance of a summons thereon." (Civil Pr. Act, sec. 22; 1 Comp. L. 1085.) The summons in this case, when served upon the defendant Schultes, was attached to a certified copy of the complaint. The other defendant was served with the summons only. But the summons under our statute is required to state, among other things, "the cause and general nature of the action." (Civil Pr. Act, sec. 24; 1 Comp. L. 1087.) The summons was complete in all respects as required by section 24, and was defective only in the form of notice required by section 26. The object of a summons is to put the defendant upon notice of the demand against him, and to bring him into court at the time therein specified. If the defendants relied upon the irregularity in the notice, they ought not to have made any further appearance. When they accepted the time given to answer, and then filed a demurrer, which raised an issue in the case, it was a general appearance in the action, notwithstanding the words of reservation contained in the demurrer. (1 Comp. L. 1560.) After this appearance the court had jurisdiction to proceed and grant any relief to which the plaintiff was entitled, regardless of the mistake in the form of the notice inserted in the summons. The summons had served its purpose and spent its force when the demurrer was filed, and hence the error in the notice of the summons, and the ruling of the court thereon, became immaterial and harmless; and, as it could not have prejudiced the defendants, it must be disregarded. (*Lake* v. *Lake*, 16 Nev. 366.)

In *Dyas* v. *Keaton*, where substantially the same questions were involved, the court said: "The defendant will be presumed to be injured by the failure of the plaintiff to comply with the provision of the statute in relation to notice, when

nothing further appears from the record to have been done by the defendant. The mistake in the notice is a mere technical error, which however is, by the weight of authority, deemed such an irregularity or informality as that a judgment entered in pursuance thereof will be set aside. The plaintiff must comply with an express requirement of the statute, whether necessary or not, or suffer the consequences of his failure by his summons being declared defective, and a judgment by default thereon annulled. What should be our action, however, when the purpose of the summons has been secured by the action of the defendant himself, and no injury has resulted from such defective process? In this case the appellant did not choose to stand upon his motion, but without compulsion (except the fear of a default and judgment thereon, which it has been the universal practice of the courts in similar cases, so far as we have examined the reports, to set aside), appeared and demurred to the complaint, which, being overruled, he answered, and thereupon asked and obtained a continuance until the next term. \* \* \* The defect in the notice was not such an irregularity or informality as would have caused a dismissal of the suit. The only result obtained, had the appellant's motion been sustained, would have been to delay the cause until a proper summons had been served upon him. By procuring the continuance at the first term, the appellant obtained all the advantages which he would have secured had his motion to quash the summons been sustained." (3 Mont. 501.)

The general tendency of the decisions is to look with disfavor upon mere technical objections, which relate solely to the form of the process or proceedings, especially where it is apparent that the error is one which has caused no substantial injury to the complaining party. In pursuance with this general principle, it was enacted in our statute that "the court shall in every stage of an action disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect." (1 Comp. Laws, 1134.) What was the object of the legislature in incorporating this provision in the code? There can be no difference of opinion upon this question. The principal object was, as stated by the court in *Dyas* v. *Keaton, supra*, "to avoid the technicalities of the common-law procedure, by which it was claimed

that justice was often defeated. This was certainly a most laudable as well as desirable object. The practical spirit of the age, which will not brook trifling in business affairs, and whose principal aim is utility, demands that courts should endeavor to secure the attainment of this avowed design in the adoption of the code. It is the general rule, now prevailing in the courts, that wherever and whenever substantial justice is secured, a mere technical error, which is harmless in its character, and which has worked no injury, will not be permitted to defeat or annul the final conclusion or consummation of judicial proceedings."

The action of the court in overruling defendant's motion did not in any manner affect the case after the filing of the demurrer. All subsequent proceedings were based upon the complaint alone. Had the motion to set aside the summons been granted, the only effect would have been to deprive the plaintiff of his right to collect costs for the service of the summons, and to delay proceedings in the case until another summons could be served. These costs, if included in the cost bill, could be deducted upon a proper motion being made. The delay that would have been gained by having the motion sustained was obtained by the time subsequently given to file the demurrer and answer. Having generally appeared in the action, the error in the ruling of the court denying the motions became harmless, and worked no substantial injury to the defendants. And, as the defendants did not move the court to have the default or judgment set aside for the purpose of allowing them to present their answer and try the case upon its merits, it is plain to be seen that they have not placed themselves in a position to complain of the judgment.

The judgment of the district court is affirmed.

By the Court, HAWLEY, J., on rehearing:

A re-argument of this case, upon rehearing has not changed our views in any respect. The questions involved were sufficiently discussed in our former opinion.

The judgment of the district court is affirmed.