## THE PEOPLE *a.* BENNETT.

*Supreme Court, Second District; General Term, Dec.,* 1857.

ACTION FOR STATUTE PENALTY.—FORM OF SUMMONS.

A summons containing the notice prescribed by subdivision 1 of section 129 of the Code is the proper form of summons in an action brought to recover a statute penalty.

The two subdivisions of section 129 are intended to represent the two classes into which actions were divided before the Code, actions *ex contractu* and actions *ex delicto.*

The words ".arising on contract," in the first subdivision, are to be regarded as merely a translation of the old Latin phrase, " *ex contractu;*" and they extend to, and include, implied contracts, as well as those which are express.

*It seems,* that the first subdivision includes the case of an action on a judgment, whether it was recovered in a court of this state or of a foreign state; whether for a cause of action which arose on contract, or for tort.

The true construction of section 129 is as follows :—Where the action is brought for the recovery of a sum of money payable by the contract on which the action is brought, whether that contract be verbal or written, express or implied, and even if it be no more than a legal duty or liability, whether imposed by statute or declared by the judgment of a court, if the sum sued for is certain in amount, or capable of being reduced to a certainty by computation, then the summons must be in the form prescribed by subdivision 1 of section 129 of the Code; and upon any failure to answer and contest the existence of the contract, liability, or duty, judgment may be taken, for want of an answer, in the manner prescribed by subdivision 1 of section 246.

In other actions, the summons must be in the form prescribed by subdivision 2 of section 129, and judgment can be obtained only upon application to the court.

Appeal from order of special term, denying motion to set aside complaint for irregularity, in varying from the summons.

The action was brought to recover from the defendant the statute penalty of $50 for a violation of section 21 of the Metropolitan Police Law (2 *Laws of* 1857, 200, *ch.* 569, § 21). The complaint was in the form authorized by the Revised Statutes (2 *Rev. Stats.*, 482, § 10),* and the summons contained the notice prescribed by subdivision 1 of section 129 of the Code, that if the defendant failed to answer, the plaintiff would take judgment against him for the sum specified.

The defendant moved to set aside the complaint for irregularity in varying from the summons. The motion was denied (see the decision at special term, reported 5 *Ante*, 384), and the defendant appealed.

*R. C. Underhill, H. A. Moore, S. D. Lewis,* and others, for the defendant, appellant.

*J. G. Schumacher,* district attorney of King's county, for the plaintiffs, respondents.

By THE COURT.†—BIRDSEYE, J.—The proper disposition of this question depends on the true meaning of the expression, "an action arising on contract, for the recovery of money only," as used in subdivision 1 of section 129 of the Code.

In the system of practice which existed prior to the enactment of the Code, personal actions were divided into two classes, denominated, in terms borrowed from the civil law, actions *ex contractu* and *ex delicto.* The first class was so called because those

---

* THE PEOPLE *a.* MULLER (New York Common Pleas, Special Term, December, 1857).—In this action, which was for a violation of the same statute provision, the complaint was in the same short form. The defendant demurred, on the ground, among others, that it did not state the facts sufficient to constitute a cause of action.

DALY, J., *held,* that the complaint was in conformity with the provision of the Revised Statutes (2 *Rev. Stats.* 482, § 10) which prescribes the mode of declaring statute penalties; and that that provision has not been abrogated by the Code. (Citing The People *a.* Bennett, 5 *Ante*, 384.)

† Present, S. B. Strong, P. J., Davies and Birdseye, JJ.

actions always originated in some contract, express or implied. It included all actions for the recovery of any debt, or of damages for the breach of any contract. Actions of the second class were founded on some wrong to person or property, and included all actions to recover a specific personal chattel, or to obtain satisfaction in damages for an injury to person or property. (See 1 *Bac. Abr.*, 28, *Tit.* Actions in General, *A.*; 1 *Tidd's Pr.*, 1; 1 *Chit. Pl.*, 111; 1 *Burrill's Pr.*, 21.)

Within the first class under this division, actions for penalties and forfeitures had always been included, as was shown in this case at the special term. (5 *Ante*, 384.) Such had been the uniform practice, both in this state and in England, from time immemorial. It was expressly ratified here by statute. (2 *Rev. Stats.*, 480, § 1.) And by the other provisions of that statute, it was sought to render these actions as plain and simple, with reference to pleadings and proceedings, as was possible. And by section 471 of the Code, every substantive provision of the previous statute was continued in force.

One of the purposes of the Code was to abolish the technicalities of the former practice. To that end, section 69 declared that the distinction between actions at law and suits in equity, and the forms of all such actions and suits, theretofore existing, were abolished. In like manner, by section 140, all the forms of pleading theretofore existing were abolished.

It has been often said that these provisions did not, as they could not, abolish the fundamental difference in principle between actions at law and suits in equity, nor the essential principles of pleading. These still remain; though the forms by which they were conducted, the technical rules by which they were formerly developed—or, perhaps more truly, overlaid and kept from development—are swept away.

In forming the new system, the definition and classification of actions was one of the subjects first requiring attention. But these definitions and this classification were not intended to introduce new distinctions and new principles into our jurisprudence. Certainly that effect should not be given to them, unless new elements are introduced into the definitions or classifications which plainly indicate such an intent, and cannot be satisfied, short of giving effect to that intent.

It is, therefore, clear to my mind, that the two subdivisions

of the 129th section of the Code are intended to represent the two classes of action, *ex contractu* and *ex delicto*, which had theretofore existed. They should be held to continue the old division of actions, with no more change or disturbance than is rendered necessary in order to give full effect to all the words of the section. The words "arising on contract," in subdivision 1, are obviously intended merely as a translation of, and substitute for, the old Latin phrase, *ex contractu*, which, like every other Latin phrase, is very carefully eschewed in the Code.

The words, "in other actions," in subdivision 2, are clearly intended to embrace the former class of actions, *ex delicto*.

If this were the whole of the new definition and classification, the correctness of these views would be so obvious as to admit of no doubt. But, instead of thus transferring bodily the old division, though under a new form of words, into the new system of practice, one change was made : one new element was introduced into the definition. The division of all civil actions is now, for the purposes of prosecution, into, first, those "arising on contract, *for the recovery of money only;*" and, second, "other actions." I think the former classification is still continued, except as it is modified by the use here of the words, "for the recovery of money only."

The proper meaning and effect of these words became very early the subject of discussion, which has terminated very recently, if, in fact, it is yet closed. It was originally held that the first subdivision of the section included an action for the breach of a promise of marriage. (Leopold *v.* Poppenheimer, 1 *Code R.*, 39 ; Williams *v.* Miller, 2 *Ib.*, 55 ; *S. C.*, 4 *How. Pr. R.*, 94.) Such an action, it was said, was an action arising on contract. It was also for the recovery of money. No other relief was sought. It could not, therefore, belong to the "other actions" to which the second subdivision applies.

Each of the premises in this syllogism was indisputable. But the conclusion was never satisfactory, even to the judges who had reached it and acted upon it. The cases were questioned, not on account of any defect in their reasoning, but of the result to which they led. (See 6 *How. Pr. R.*, 310 ; 8 *Ib.*, 504.) They were, in effect, overruled by the recent case of McNeff *v.* Short (14 *How. Pr. R.*, 463),—a decision, I may properly state here, which was approved by all the judges of this district, except

the one sitting this year in the Court of Appeals, to whom the question was not submitted.

So it was held, in Trapp *v.* The New York & Erie Railroad Company (6 *How. Pr. R.*, 237), that an action against a common carrier for not delivering goods committed to him for transportation, came within the first subdivision of section 129. It was said that such an action was for a breach of a special contract; but that it sought the recovery of money only, and not any other relief.

A more correct view of this question was taken in Clor *v.* Mallory (1 *Code R.*, 126), which was followed in Flynn *v.* The Hudson River Railroad Company (6 *How. Pr. R.*, 308), and was in substance approved in Hyde Park *v.* Teller (8 *Ib.*, 504), as it has been in several other cases.

The cases of Clor *v.* Mallory, and Flynn *v.* The Hudson River Railroad Company, are now universally admitted to be a correct exposition of the law. And yet such actions as those come unquestionably within the terms of subdivision 1 of section 129. They seek the recovery of money only. And that they "arise upon contract" admits of no doubt now, if it ever did. (See Campbell *v.* Perkins, 4 *Seld.*, 430.) But the courts have held that, though they satisfied the language, they did not the spirit and intent of the statute.

These disputed words received a very careful and thorough examination in the opinion given at our last April general term, by Mr. Justice Emott, in Tuttle *v.* Smith (*Ante*, 329). . I fully concurred in that opinion when rendered. All my subsequent examinations and reflections have confirmed its correctness. The rule is, as there stated, that where the action is brought for the recovery of a money demand, payable on a contract, and certain in amount, or capable of being reduced to certainty by computation, the summons must be in the form prescribed by subdivision 1 of section 129 of the Code, and judgment may be taken therefor, without an application to the court, under subdivision 1 of section 246 of the Code.

But neither that case, nor any other with which I am acquainted, attempts to state what is the meaning or extent of the words "arising on contract" in the first part of subdivision 1 of section 129. In my judgment they are precisely commensurate with the former technical expression "*ex contractu,*" of which

they are simply the translation. And they extend to and include *implied* contracts, as well as those which are *express*.

No one will doubt, I think, that subdivision 1 covers the case of an action brought upon a judgment, whether of a court of this State, or of another State or country, and whether that judgment was recovered for a cause of action which arose *ex contractu* or *ex delicto*. And yet in many, if not the most of these cases, there is no *promise* to pay. At the most, there is, as Chitty says (*Chit. on Contr.*, 24), only " a legal duty to pay the money."

Many other cases might be cited of implied contracts which, from their nature, must be within the expression "arising on contract." It is sufficient to refer to 2 *Blackst. Com.*, 443 ; 3 *Ib.*, 159 ; *Chit. on Contr.*, 19–25, and the cases there cited.

I cannot, however, refrain from quoting the definition of implied contracts, given by the able author of the series of articles on the Law of Contract, which appeared in the American Jurist. (See 20 *Am. Jur.*, 5, No. 39.) He says : " An implied contract is not actually and formally made, but is inferred from the conduct, situation, or mutual relations of the parties, and enforced by the law on the ground of justice, or *to compel the performance of a legal and moral duty.*"

So Chief-justice Marshall said (12 *Wheat.*, 341) : " A great mass of human transactions depends upon implied contracts—upon contracts which are not written, but which grow out of the acts of the parties. In such cases, the parties are supposed to have made those stipulations, which, as honest, fair, and just men, they ought to have made. When the law assumes that they have made these stipulations, it does not vary their contract, or introduce new terms into it, but declares that certain acts, unexplained by compact, *impose certain duties*, and that the parties had stipulated for their performance."

At the risk of being thought tedious, and of citing obsolete authorities, I shall refer to the fact that Blackstone (3 *Blackst. Com.*, 161) refers to the case of " penal statutes,—that is, such acts of parliament whereby a forfeiture is inflicted for transgressing the provisions therein enacted,"—to illustrate what are implied contracts. His definition of implied contracts (3 *Ib.*, 159) is complete. " They are," he says, " such as reason and justice dictate, and which the law presumes that every man has

contracted to perform ; and, upon this presumption, makes him answerable to such persons as suffer by his non-performance." (And see 2 *Kent's Com.*, 450* to S. P.)

It may not be amiss to remark, that although very many in the profession seem to suppose, however erroneously, that in enacting the Code, the Legislature intended to repeal or abolish Tidd, Chitty, and Graham, yet no one has suggested that Blackstone and Kent were intended to be subjected to the same treatment. The principles of law remain now as they were before the Code. It is only the forms of procedure which have been changed ; and they are changed only so far as the express provisions of the Code require. In every other respect, they also remain unimpaired. I can discover nothing in the Code indicating an intent that " actions arising on contract" shall be different from what were formerly known as " actions *ex contractu.*"

And taking the whole definition together, the " action arising on contract for the recovery of money only," I think the rule is this : Where the action is brought for the recovery of a sum of money, payable by the contract on which the action is brought, —whether the contract be verbal or written, express or implied, and even if it be no more than a legal duty or liability, whether imposed by statute, or declared by the judgment of a court,—if the sum sued for is certain in amount, or capable of being reduced to certainty by computation, then the summons must be in the form prescribed by subdivision 1 of section 129 of the Code; and upon any failure to answer and contest the existence of the contract, liability, or duty, judgment may be taken for want of an answer, in the manner prescribed by subdivision 1 of section 246.

" In other actions," the summons must be in the form prescribed by subdivision 2 of section 129, and judgment can be obtained only upon application to the court.

The present action manifestly comes within the former class, and the proper form of summons was adopted to commence it. The order appealed from was, therefore, right, and must be affirmed.