CHARLES LULING v. GEORGE STANTON AND WILLIAM RUGER.

In an action against a common carrier, to recover special damages caused by his refusal to carry and transport merchandise, in pursuance of a contract made therefor, the summons should be for relief under sub. 2, § 129 of the Code.

Although the actual loss is specifically stated in the complaint, and judgment therefor is demanded, yet the claim is composed of unliquidated damages.

Sub. 1 of § 129 relates to contracts which in terms provide for the payment of money.

AT SPECIAL TERM, *January* 20, 1859.

Motion to set aside a complaint, upon the ground that the cause of action stated in it did not conform to the summons served. The summons was, in form, for relief under sub. 2 of § 129 of the Code.  The complaint set out, as a cause of action, the making by the defendants of a special contract, whereby they agreed to carry and transport for the plaintiffs certain freight, from Bremen to New York, at a specified rate.  That the freight was offered to them and they refused to accept it, whereby the plaintiffs were obliged to procure other means of transportation, at an increased expense beyond the contract price.  The costs, charges and ex penses arising out of the refusal of the defendants to perform their contract, were specifically set out, and the complaint concluded by a demand for judgment for $1,000, being the damages alleged to have been thus actually sustained, with interest, &c.

*Benjamin F. Mudgett*, for the motion.

I. An action to recover damages for a breach of special con-

tract, as, for example, common carrier to carry and deliver goods, is within the 1st subdivision of § 129 of the Code, and is for the recovery of money. *Trapp* v. *N. Y. and Erie RR. Co.,* 6 How. P. R. 237.

II. Where the complaint sets out a contract and breach of it, as the cause of action, and prays judgment only for the recovery of a specified sum and interest, it is an action arising on contract. It is within subdivision 1, § 129. It is not necessary that the contract should be one stipulating in terms for the payment of money. *Croden* v. *Drew,* 3 Duer, 654.

III. If the summons indicates a cause of action, within a subdivision, not warranted by the prayer in the complaint, it is irregular. *Ridder* v. *Whitlock,* 12 How. P. R. 208 ; *Voorhies* v *Scofield,* 7 How. 51.

*Lane & Roelker,* opposed.

I. In all claims for unliquidated damages for the breach of specific agreements, application must be made to the court. *Flynn* v. *The Hudson R. RR. Co.,* 6 How. P. R. 308 ; *Clor* v. *Mallory,* 1 Code R. 126. 1. This is clearly an action for unliquidated damages. There can be no certainty in the amount which the plaintiff is entitled to recover, but it is an action to establish or ascertain the plaintiff's right to damages, which are to be paid in money.

II. The first subdivision of § 129 of the Code would obviously be improper; it can only be applied to actions for the recovery of a definite sum. Those actions, requiring the court to take proof, and depending upon other considerations than such as appear in the contract itself, are not to be deemed actions for the recovery of money only, and are to be brought by a summons under the second subdivision of § 129. *Tuttle* v. *Smith,* 6 Abbott P. R. 329; *Dunn* v. *Bloomingdale,* 6 Abbott, 340 ; *People* v. *Bennett,* 6 Abbott, 244; *McNeff* v. *Short,* 4 How. P. R. 463.

BRADY, J.—The summons in this action is in the proper form. The action against a common carrier is usually an action for a

wrong, and not strictly upon contract, (per TAGGART, J., *Campbell* v. *Perkins*, 4 Selden, 438), and the claim made is composed of un-liquidated damages. Such is the case here. The plaintiff states his damage distinctly and definitely, and asks judgment for the aggregate sum. It is his own estimate, however, and it is not provided for by the contract. The first subdivision of § 129 re-lates to contracts which in terms provide for the payment of money. This was the view of the late Justice BARCULO, (8 How. P. R. 505), and, in my opinion, is the true interpretation of the statute. The following cases sustain the opinion expressed of the proper form of the summons herein: *Tuttle* v. *Smith*, 14 How. 395; *Dunn* v. *Bloomingdale*, id. 475; *McNeff* v. *Short*, id 463; *Clor* v. *Mallory*, 1 Code Rep. 126; *Flynn* v. *Hudson River RR. Co.*, 6 How. 310.

The motion is therefore denied, but without costs, the authori ties being somewhat in conflict on the question.