## KINYON v. PALMER.

1. **Default:** ON ONE COUNT. The petition contained nine counts; the defendant assailed all but the fifth by motion and demurrer, and while these were pending the plaintiff demanded a default on the said fifth count. *Held,* That the court did not err in overruling the motion.

2. **Error:** WITHOUT PREJUDICE: MOTIONS. The Supreme Court will not reverse the rulings of the District Court allowing motions to be filed, where the record shows that such motions were subsequently either overruled or otherwise disposed of without prejudice to the appellant.

3. **Pleading:** MOTION TO SEPARATE DEFENSES. When a defendant, in answer to one count in the plaintiff's petition, sets up a state of facts, single and indivisible, section 2929 of the Revision of 1860 has no application.

4. **Practice:** OBJECTIONS TO INSTRUCTIONS AND EVIDENCE. General objections to instructions given by the court and to evidence admitted, which do not state the grounds thereof, will not be considered by the Supreme Court.

*Appeal from Polk District Court.*

TUESDAY, FEBRUARY 6.

LIBEL. — Trial, verdict and judgment for defendant, and plaintiff appeals.

*B. N. Kinyon pro se.*

*Withrow & Smith* for the appellee.

WRIGHT, J. — This case was before us and disposed of at the last June Term, upon some interlocutory orders. 1. DEFAULT: Since then, upon issues of fact duly joined, it on one count. has been tried to a jury, and plaintiff being unsuccessful, prosecutes this appeal.

We have here a record of two hundred pages, embodying all the testimony, which as far as necessary to the understanding and decision of the points now made, has received our most careful attention. It is not insisted that the verdict is so clearly against the weight of evidence, as to justify our interference, and a reference to the testimony

Kinyon v. Palmer.

will only become material to the elucidation and disposition of the legal questions now presented by counsel for our determination.

The petition contains nine counts, and was filed June 22, 1863. At the next term (August, 1863), defendant demurred to the first, third, fourth, fifth, sixth, eighth and ninth; moved to strike out certain parts of the fourth and eighth, and for more specific statements in the second, sixth and seventh counts. On the fourth day of the succeeding term (January, 1864), the demurrer was sustained to the third and ninth, and overruled as to all the other counts.

After this, defendant's further motion for a more specific statement was filed as to the matter contained in counts one, two, six, seven and eight, and to strike out portions of the second, fourth and eighth. While the record stood thus, plaintiff moved for a default on the first, fourth, fifth, sixth and eighth counts, which was overruled, and plaintiff now assigns this ruling as error. This objection needs but little attention.

It will be observed that all of the counts except the fifth, upon which the default was asked, were assailed by motions to strike or by motions for more specific statements. As to the counts thus assailed, plaintiff was not entitled to default. The objections taken do not seem to have been frivolous and filed for the mere purpose of delay, and we know of no rule which would justify our interfering with the action of the court in this respect. As to the fifth count, we remark that the prosecution and defense seem to have involved the question of the guilt or innocence of the defendant, upon a view of all the matters charged in the petition. That is to say, if the defense was good as to one count it was good as to all, and if it failed as to one it would fail as to all. There seems to have been no such negligence on the part of the defendant

in making up the issues as to lead to the conclusion that there was an intention to trifle with the court. Other matters material to the intelligent making up of the final issues were then pending and undetermined. Since this ruling the case has been before us, without suggestion of error in this regard; and under such circumstances we are not aware of any principle or rule which would justify us in holding that the court erred in refusing the default. Many courts hold that these questions rest purely in discretion, and we find no authority for holding that plaintiff was entitled to his default as a matter of legal right.

II. Plaintiff objects that defendant was allowed by motion to assail parts of his petition after the overruling of the demurrer. As these motions were subsequently overruled, there was no prejudice, and hence no ground of complaint. If it be said that this order did not cover or include all the motions (and the record is not very clear in this respect), then we remark that all the motions do not seem to have been disposed of. Plaintiff's pleadings were not by any order affected by these motions, and there was, therefore, no prejudice.

*2. Error: without prejudice: motions.*

III. Defendant, after the case was remanded by this court, filed his answer to the ninth count, and plaintiff moved for a more specific statement, and that the pleader should "separate and distinctly state and number each mitigating circumstance," &c. This motion was overruled, and plaintiff now assigns this ruling as error. We do not understand from the pleading that defendant relies upon two or more mitigating circumstances to reduce the damages, and it is not a case, therefore, where he could separately state and number them, as contemplated by section 2929 of the Revision. He relies upon a state of facts single and indivisible, and the rule relied upon does not, therefore, apply. And we

*3. Pleading: motion to separate defenses.*

may remark generally that this part of the answer seems to be in fair accord with the rules recognized and given to guide the parties on the former appeal, and we are unable to see any error in refusing to sustain plaintiff's motion of which he can justly complain.

IV. It is in the fourth place objected that the court erred in the instructions in chief, and in giving those asked by defendant. And in this connection we notice the objection that improper testimony was admitted and proper testimony rejected.

4. PRACTICE: objection to instructions.

The instructions cover twenty pages. The objections taken were general, and we cannot therefore consider them. The testimony is very voluminous, running through one hundred and twenty pages, upon every page of which, almost, we find such memorandums as these: "Defendant objects. Sustained. Plaintiff objects. Plaintiff excepts." No grounds of objection are stated. The assignment of error is general. No specific objection is stated or pointed out in argument. In this state of the record and under these circumstances, appellant cannot expect a specific examination of all or any of the objections taken.

V. Plaintiff moved for a new trial for some of the causes already considered, and upon the ground further that a part of the matter contained in the second count of the petition, was not denied or justified, nor was there any proof warranting the verdict of not guilty as to such matter. This objection is based upon a misconception of the pleadings, and a like mistake as to the evidence. Defendant does defend against *all* the matter contained in the second count, as fully and as specifically as to any part of the petition. Whether, as a matter of fact, the defense was sustained, was left to the jury, and there was certainly no such preponderance of testimony, against their finding, to warrant a reversal of the judgment.

Affirmed.