## SUPREME COURT.

### DAVID C. JOHNSON agt. SETH PAUL.

In an action to recover damages for the breach of an agreement to convey a farm and personal property, the notice in the summons must be that prescribed by the second subdivision of § 129 of the Code, that the plaintiff will apply to the court for the relief demanded in the complaint.

If the summons be served without the complaint, and the notice be according to the first subdivision of § 129, that the plaintiff will, on default to answer, take judgment for a specified sum, a complaint subsequently served for such a cause of action, as above stated, will be set aside on motion, as not corresponding with the notice in the summons.

Whether a complaint will be set aside because the sum demanded therein exceeds that mentioned in the notice in the summons, when under the first subdivision of said section. *Quere.*

*Ontario Special Term, Aug.*, 1857.

MOTION by the defendant to set aside the complaint, on the grounds, *first,* that the cause of action, as stated therein, does not agree with the cause of action indicated by the notice in the summons; and, *second,* that the amount specified in the summons as that for which the plaintiff would take judgment, upon a failure by the defendant to answer, is $1,000, and that the plaintiff, in his complaint, demands a judgment for $1,500, with interest, &c. These grounds of motion appear by the summons and complaint. The action, as stated in the complaint, is to recover damages for the breach of a written agreement, whereby the defendant agreed to convey to the plaintiff a farm and some personal property.

E. M. MORSE, *for defendant.*

J. C. SMITH, *for plaintiff.*

Johnson agt. Paul.

T. R. STRONG, Justice. This action belongs to the class embraced in the second subdivision of § 129 of the Code. That subdivision, according to what I think the better construction, includes all actions on contract to recover money as damages, not agreed to be paid, but imposed by law, for a breach of contract.

Actions on contract to recover money agreed to be paid, come within the first subdivision of the section. When a contract is, on one side, to do any specific act, other than the payment of money, and, on the other, to pay money, an action for a breach of the former part, to recover damages, belongs to the second subdivision; but an action for a breach of the latter part belongs to the first subdivision. Implied contracts, equally with expressed ones, to pay money, are within the first subdivision. This distinction between actions on contract for the breach of a stipulation to do a specific act, and those for the non-payment of money agreed to be paid, although not plainly expressed by the letter of the Code, is, I think, in accordance with its spirit. In the former case, proof should be made of the actual damages before judgment, and I cannot think it was intended by the legislature to dispense with it.

This distinction furnishes a clear rule of easy application in practice.

In regard to the other ground of motion, that the plaintiff in the complaint demands judgment for a greater sum than that specified in the summons, it is clear that if the defendant should not answer, the plaintiff could not take judgment for more than is named in the summons. (*Code*, § 275.) Whether it is a defect for which the complaint should be set aside, it is not necessary now to determine.

The motion must be granted, with $10 costs, unless the plaintiff, which he is at liberty to do on payment of said costs, amend his summons in the notice in the particulars referred to.