## SUPREME COURT.

SARAH E. COBB, for herself and as guardian for others, agt.
GEORGE W. DUNKIN.

Where a complaint alleges specific breaches of specific covenants and conditions in
a written agreement or lease, and claims a certain sum as damages on account
thereof, the summons should be issued with a notice under the *second* subdivision of section 129 of the Code,

Consequently, where judgment is taken by default in the case, there must be a
proper notice, and *assessment of damages*. (*This reverses the decision in
this case at special term,* 17 *How.,* 97.)

*Monroe General Term, December,* 1859.

JOHNSON, WELLES *and* SMITH, *Justices.*

APPEAL from a decision at special term, denying a motion
to set aside the judgment entered by default in this
cause, &c.

An action was commenced in April, 1858, by the plaintiff against the defendant, by the personal service of a summons and complaint; notice in the summons being in pursuance of subdivision 1 of section 129 of the Code. The
complaint set forth a lease by the plaintiff to the defendant, dated March 30th, 1857, of a certain farm in the town
of Phelps, in the county of Ontario, for the term of one
year from the first of April ensuing its date. By the lease,
the defendant among other things, agreed to work and till
the farm in a good and workmanlike manner in all things,
and to deliver the plaintiff one-half of the crops, for the
use of the farm. The lease contained a variety of other
provisions and covenants of the parties respectively. The
complaint also stated that the defendant took possession
of the farm under the lease and continued in possession
during said term, and undertook the performance of the
covenants on his part contained therein.

The breaches assigned were that the defendant did not
work or till the farm in a good workmanlike manner, but

on the contrary neglected the business of cultivating the same, and worked and cultivated the same in a careless, slovenly, and unskillful and unworkmanlike manner. It then proceeded to specify the breaches of the covenants in detail as contained in the lease, which the defendant therein covenanted to observe and fulfill. The complaint then alleged that by reason of the breaches of said covenants by the defendant, she had sustained damages to $175,—and demanded judgment for that sum, besides costs.

The complaint was duly verified after the action was commenced, and before any answer was put in by the defendant, the parties by an agreement between them, bearing date May 10, 1858, agreed to submit the matters in controversy in the action to the decision of disinterested men, one to be chosen by the plaintiff, and one by the defendant, and they two, when chosen, to select a third. The arbitrators so to be chosen to make their award by the 15th of July, 1858. No arbitrators having been chosen in pursuance of this agreement, the plaintiff discontinued the action, and after the 15th day of July following, commenced this action, the summons in which was personally served on the defendant on the 21st of said month of July, The summons and complaint in both actions were alike.

The defendant not having answered the complaint in this action, nor appeared therein, the plaintiff perfected judgment therein on the 16th day of August, 1858, for the sum of $175, the amount demanded in the complaint, and being also the amount for which the summons stated the plaintiff would take judgment in case of the defendant's failure to answer, together with costs of the action. There was no assessment of damages by the clerk or by a jury. The defendant swore to merits. The special term denied the motion to set aside the judgment; but allowed the defendant leave to answer on terms. The defendant thereupon appealed to the general term.

JAMES C. SMITH, *for defendant.*

J. W. STEBBINS, *for plaintiff.*

By the court—E. DARWIN SMITH, Justice.   The question presented upon this appeal is simply whether it was regular for the plaintiff to take judgment without having his damages assessed by the clerk or by a jury.   The notice in the summons was in the form prescribed in sub-division No. 1 of section 129 of the Code, and judgment was taken for the sum therein demanded.   The action is brought, not to recover a specific .sum of money due or payable upon an express or implied contract, but to recover damages for the non-performance of the covenants contained in a lease to work and till a farm in a good and workmanlike manner. The question briefly stated is, whether such an action is brought "*for the recovery of money*" within the true intent and meaning of that phrase in subdivision number 1 of section 129, and in section 246 of the Code.   Upon this question there has been quite a contrariety of opinion, not only among my brethren in this district but among other judges of this court.   The first case which is reported from this. district is *Clor* agt. *Mallory*, (1. *Code Reporter*, 126,)·in which my brother JOHNSON held that "the language referred to in subdivision number 1 of said section 129, was intended to apply to actions upon promissory notes, bonds and other contracts for the payment of money upon their face, and not to the large class of actions for the recovery of damages merely on account of the non-performance of some stipulation or duty other than for the payment of a sum of money due, although money only was sought to be recovered."   The same view of these sections in effect was taken by my brother STRONG, in *Johnson* agt. *Paul*, (14 *Howard*, 454).   The action in that case was to recover damages for the breach of a written agreement to convey to the plaintiff a farm and personal property.   My brother STRONG held that proof should be made of the

actual damages, before judgment. In opposition to these views is the opinion of my brother WELLES in this case, reported in 17 *Howard Pr. R.*, 97, holding that the plaintiff was regular in taking judgment for the amount mentioned in the summons and demanded in the complaint, and without of course any assessment of damages, in which the learned judge refers to *Cook* agt. *Pomeroy*, (10 *Howard*, 103,) also decided by him at special term.

It will thus be seen that all my brethren are upon the record on this question in separate opinions, at special term, and as they do not agree, it is obviously necessary and proper that the point be decided at general term. I have no doubt that the opinions, above referred to, by my brothers JOHNSON and STRONG contain the true exposition of the sections of the Code referred to ; but, independently of these opinions, I think the point should be deemed settled by the decision of the general term in the second district, in *Tuttle* agt. *Smith*, (14 *Howard*, 395,) where the question is very carefully considered. It is a simple question of practice, and when such a question is distinctly and fairly decided at a general term, I think the decision should ordinarily be followed.

It is with many questions of practice really a matter of more consequence to the public that they be *settled* and be at rest, and that there be uniformity of proceeding throughout the State, than *how* they are in fact settled. If there be errors of any practical consequence in any such case the legislature will speedily apply a remedy.

I think therefore that the order of the special term should be reversed and the judgment set aside ; with leave to the defendant to answer in ten days after service of a copy of the order.

Judgment set aside.

WELLES, J., dissenting.