Norton agt. Cary.

———◆◆———

## SUPREME COURT.

### NORTON agt. CARY & SALISBURY.

It is now well settled upon authority, that in an action on *contract,* where the *damages* sought to be recovered are *unliquidated,* or are incapable of being reduced to certainty by mere calculation *from the elements which the agreement contains,* the summons should be issued under subdivision 2 of section 129 of the Code.

And where *one or more causes of action* arising on contract are properly united in the complaint under section 167, a part of which are for *liquidated,* and the remainder for *unliquidated damages,* the *summons must be issued under sub-division 2, section 129.*

*Saratoga Special Term, August 5, 1862.*

MOTION to set aside the complaint on the ground of variance or departure from the summons.

S. H. JOHNSON, *for plaintiff.*
OTIS ALLEN, *for defendants.*

BOCKES, Justice. The summons is framed under subdivision 1 of section 129 of the Code, which must be followed by a complaint in an action arising on contract for the recovery of money only.

The complaint contains two counts or separate causes of action, both founded on contract. The first charges an indebtedness of $292.22 against the defendants for lumber sold by them, as plaintiff's agents or consignees ; the second sets up a contract between the parties by which, as is

alleged, the defendants agreed to receive lumber from the plaintiff on consignment, and to dock, store, insure and sell the same, and make advances to the plaintiff thereon. And it is charged that although the plaintiff performed the agreement on his part, yet the defendants refused to receive the lumber, or in any way to perform on their part, whereby the plaintiff was damaged two thousand dollars.

As regards the last count, the complaint is not in conformity with the summons, if we regard the decision in *Cobb* agt. *Dunkin*, (19 *How.*, 164,) and in *Tuttle* agt. *Smith*, (14 *How.*, 395,) as binding. These are general term decisions, in the latter of which we have an elaborate and very satisfactory opinion by Mr. Justice EMOTT. For myself, I am entirely satisfied to adopt his reasoning and conclusion. (*See also*, 14 *How.*, 454.) It must now be deemed settled on authority, that in an action on contract, where the damages sought to be recovered are unliquidated, or are incapable of being reduced to certainty by mere calculation from the elements which the agreement contains, the summons should be framed under subdivision 2 of section 129.

It is said that this construction will prevent a joinder of causes of action, as authorized by section 167. But this result does not follow. The plaintiff may unite in the same complaint several causes of action, when they all arise out of contract express or implied; but if under either count, unliquidated damages are sought to be recovered, the summons in the action should be framed under subdivision 2 of section 129. The summons will issue pursuant to subdivision 1, in case the action be on contract and be *exclusively* or *only* for the recovery of a definite sum or definite sums of money as such, and without calling upon the court to ascertain or adjudge anything but the existence and terms of the contract by which it is due. " *In other actions*" the summons will issue pursuant to subdivision 2—among which " *other actions*" will fall those on contract wherein the plaintiff unites in the same complaint several causes of

action, some of which are by the contract, for a fixed and definite sum, and others for unliquidated damages. Thus construed, sections 129 and 167 are in entire harmony. If the action be on promissory note or money bond, or on both, or on several promissory notes, or on several money bonds, the summons should issue pursuant to subdivision 1. If on promissory note or money bond, and also by separate count to recover unliquidated damages for breach of contract, it should issue pursuant to subdivision 2; for in the latter case the action being for a fixed sum, *and also* for unliquidated damages, is not embraced in the class designated in subdivision 1; which, according to the decisions cited, applies only and exclusively to actions on contract for the recovery of a sum made certain by the contract or contracts counted on.

In this case, the plaintiff has united in his complaint two causes of action, both arising out of contract; one of which is for the recovery of a sum made definite by the terms of the alleged agreement; the other for unliquidated damages. The action is for these *two causes;* and inasmuch as unliquidated damages are sought to be recovered, it is an action *other* than those specified in subdivision 1, as construed and limited by the decision in *Tuttle* agt. *Smith.* There is no misjoinder of causes of action. The plaintiff was authorized by section 167, to unite them in the same complaint, inasmuch as each is a cause of action arising out of contract; but in such case, one being for the recovery of liquidated, and the other for unliquidated damages, the summons should have been framed under subdivision 2.

It is suggested that both causes of action arise out of the same transaction. It does not so appear from the complaint, and the pleading must control in this regard. But suppose they do so arise; or suppose the complaint was in a narrative form, stating the facts in detail, and showing a claim or indebtedness for $292.22 for lumber sold, and also a large claim for damages under the same contract for not

receiving, docking, storing or insuring lumber; still the action would be for unliquidated damages in whole or in part; in which case the summons should issue under subdivision 2. In any view, it must be held that the complaint is not in conformity with the summons. If the plaintiff desires to retain his complaint in its present form, he must amend his summons. This would be pretty much a matter of course on proper application for that purpose. Indeed, I think I ought to allow it now, as an alternative on this motion. I will therefore direct that the complaint be made to conform to the summons, by striking therefrom the second cause of action therein stated, and that the complaint stand so corrected or amended, without the service of any other or amended complaint, unless the plaintiff, within ten days after the entry of this order, serve on the defendants' attorney, Mr. Allen, a new summons containing a notice as required by subdivision 2 of section 129; in which case the complaint already served is to stand as the complaint herein.

The question of practice raised by this motion is new. It is different on the facts, although similar in principle to that decided in *Tuttle* agt. *Smith,* and in *Cobb* agt. *Dunkin.* Indeed, there is yet a diversity of opinion in regard to it. Judge WELLES dissented in the last case decided, which I believe is the last reported case in which the question is considered. I am not aware that it has been up at all in this district.

No costs of motion should consequently be allowed, unless the plaintiff elect to serve a new summons, in which case he must pay $7 for the privilege.