## TOLMAN & KING v. JOHNSON.

43 127
93 321

1. Contract: INTOXICATING LIQUORS: PROMISSORY NOTE. A contract for the sale of intoxicating liquors for purposes forbidden by law is void, and such sale, when the object thereof is known to the seller, will not constitute a sufficient consideration for a promissory note for the pur-chase price.

2. ——: ——: COUNTER-CLAIM. If liquors thus sold have been paid for, the amount paid may be recovered back in an action at law; or, in an action by the seller against the purchaser upon a general account, the amount of such payment may be pleaded as a counter-claim.

*Appeal from Adams District Court.*

THURSDAY, APRIL 20.

ACTION to foreclose a mortgage given to secure a promissory note made by defendants and payable to plaintiffs. Judg-

ment was rendered for a part of the amount claimed to be due upon the note, but the court refused to foreclose the mortgage, and dismissed the petition, so far as it claimed that relief. Plaintiffs appeal.

*Frank M. Davis*, for appellants.

An actual abandonment of the homestead as such will leave it subject to the lien of a mortgage which covered premises embracing the homestead. (*Taffe v. Beers*, 18 Iowa, 4; *Gardner v. Baker*, 25 Id., 343; *Orman v. Orman*, 26 Id., 361.) The fee title to the mortgaged premises being in the wife, she could execute a mortgage thereon to secure her own or her husband's debts. (*Wolf v. Van Meter*, 19 Iowa, 134; *Green & Densmore v. Scranage*, Id., 461; *Simms v. Hervey*, Id., 273.) It is the settled law in this State, that to be bound by a written instrument, it is not necessary for a party to sign it; treating the writing as valid makes it obligatory. (*Attix Noyes & Co. v. Pelan & Anderson*, 5 Iowa, 338; *Patchin v. Swift*, 21 V., 292; *Wise v. Ray*, 3 G. Greene, 430.) If the note is transferred, the mortgage follows it as an incident. (*Wood v. Sands*, 4 G. Greene, 217; *Bremer Bank v. Eastman*, 34 Iowa, 392.) But if the mortgage is assigned and not the note, the holder of the mortgage holds only a naked trust. (*Pope v. Jacobus*, 10 Iowa, 262.) The party will be bound, not only when copied by him, but whenever his name is written or printed within the body of the instrument by his own order or with his consent. (Story on Con., § 783; *Wise v. Ray*, 3 G. Greene, 430; *Clason v. Bailey*, 14 Johns., 486.) Intoxicating liquors are the subject of larceny, (*State v. May*, 20 Iowa, 305), and may be replevined, though kept for sale in violation of law, when taken under legal process issued against the property of another person than the possessor. (*Monty v. Arneson*, 25 Iowa, 383.) The fact that liquors sold in a foreign State were sold with intent to enable the purchaser to violate the Iowa law was a matter of defense and should have been pleaded and proved. (*Whitlock v. Workman*, 15 Iowa 354.)

*J. D. Peregrine* and *D. Twining*, for appellees,

Cited *Braitch v. Guelick*, 37 Iowa, 212; *Second Nat. Bank v. Curran*, 36 Id., 555; 2 Parsons on Notes and Bills, 352–356.

BECK, J.—I.   The defendants pleaded, as a defense to the action, that the note was given in part for intoxicating liquors sold in contravention of the laws of the State, and a sum paid by defendants to plaintiffs for intoxicating liquors sold in violation of law is pleaded as a counter-claim, and judgment prayed therefor.   As a further defense to the foreclosure of the mortgage, the answer sets up that the instrument was not signed by defendants and is upon their homestead, they being husband and wife.   The defenses first stated will be first considered.

The evidence satisfactorily establishes that a part of the consideration of the note was certain intoxicating liquors sold by plaintiff's agent to defendant, W. S. Johnson, at Corning. That the contract of sale was made there cannot be disputed. The agent solicited the order at that place and it was there given, and the terms of the contract were such that defendant was not to accept the liquors until they were inspected at Corning, and proved satisfactory.   Under this contract the goods were shipped from Chicago, where plaintiffs were doing business, and upon proving satisfactory were received by defendants.   Under the contract defendants were to pay freight upon the goods for their carriage to Corning, but, if not accepted, plaintiffs were to pay the charges upon their return transportation.   By the express terms of the contract of sale, it was performed in this State.   It is essentially different from the contract involved in *Whitlock v. Workmam & Co.*, 13 Iowa, 351, which is cited by plaintiff's counsel.

II.   The evidence satisfactorily establishes that the sale of the liquors was for purposes forbidden by the law of this State, which was known to plaintiff's agent at the time. Under the familiar statutes and decisions prevailing here the contract is void, and no recovery can be had upon the note so far as it covers the alleged consideration.

1. CONTRACT: intoxicating liquors: promissory note.

Tolman & King v. Johnson.

III.  But plaintiffs insist that payment was made for the liquors, and they were included in an account upon which certain credits were allowed of cash received from defendants.  The item for the liquors was the first in the account and the credits exceeded it in amount. Plaintiff's counsel maintain that under the rules governing the application of payments, the charge for the liquors will be presumed to have been paid.  We are relieved of the duty of passing upon this point, by reason of the fact that defendants pleaded the payment of the liquors as a counter-claim, and seek to recover therefor.  As the sale was illegal this they can do.  Code § 1550.  Should we hold that the liquors were paid for, under the pleadings in the case defendants may diminish recovery on the note to the extent of the amount paid.

*2. ——: ——: counter-claim.*

IV.  We are not required to pass upon the questions involving the validity of the mortgage, and its binding effect upon the property described therein, for this reason.  We find that the judgment rendered upon the note is for the amount due thereon, after deducting the sum paid for the intoxicating liquors.  Plaintiffs are entitled to nothing more than the amount of the judgment.  The abstract before us shows that, prior to the perfecting of the appeal, defendants paid the judgment and costs in full.  This payment of the judgment satisfies plaintiff's claim under the mortgage, and even if it be held to have been valid it is discharged, for its object, the security of the debt has been accomplished.

The fact that plaintiffs refuse to accept from the clerk of the court the amount of the judgment does not alter the case. The receipt of the money by the clerk satisfied the judgment and the mortgage.  The money is in the hands of the clerk, for plaintiffs' acceptance, when they deem it proper to receive it.

No other questions are presented in the case.  The judgment is

AFFIRMED.