# AUGUST NADERHOFF, JR., v. GEO. BENZ & SONS.

(47 L.R.A.(N.S.) 853, 141 N. W. 501.)

**Pleading — time for answer — security for costs — motion for.**

Service of summons and verified complaint was made by service upon the secretary of state. Defendant appears by a motion to require of plaintiff security for costs, with hearing thereon noticed to be had three days after the expiration of the thirty-day period for answer, and defendant neglects to serve or file answer. On the 31st day after service of summons plaintiff files affidavit that defendant has defaulted and failed to answer or demur, but informs the court of the pending motion for security for costs. Judgment is ordered as of default without taking of testimony or the assessment of damages. The com-

Note.—The authorities on the question of the necessity of a jury to compute damages on default judgment are collated in a note in 20 L.R.A.(N.S.) 1.

plaint claimed to recover $1,527, alleged to have been paid defendant by plaintiff as the purchase price of intoxicating liquors delivered plaintiff at various times by defendant upon contract made and executed within this state. Plaintiff claims to recover as for money had and received under § 9390, Rev. Codes 1905. Soon after entry of the judgment by default, defendant applied to the court to vacate the judgment and permit answer, which motion was granted and from which plaintiff appeals. *Held:*—

(1) That the pendency of the motion to require of plaintiff security for costs did not operate to extend the time within which defendant must answer or demur; and that the judgment, if otherwise properly entered, is not irregularly entered because of the pendency of said motion.

### Security for costs — rights of defendant — failure to timely answer — issue — jurisdiction.

(2) The right of defendant to exact security for costs ceased at the expiration of the period for answer, when no issue had been taken by answer or demurrer to the cause of action charged in the complaint, the motion not going to the jurisdiction over person or subject-matter.

### Affidavit of merits—sufficiency—discretion—judgment—default.

(3) The proposed affidavit of merit stated insufficient facts to invoke the discretion of the court in an application to vacate the judgment made under § 6884. Rev. Codes 1905.

### Intoxicating liquors — prohibition law — statutory penalty — contract.

(4) The cause of action sued upon, claiming under § 9390 a recovery for payments made for the purchase of intoxicating liquor sold and received in violation of our prohibition law, is an action upon an implied contract for the recovery of money had and received, and not to recover a statutory penalty. Judgment entered by default under the provisions of § 7001 was therefore entered in an action on contract within the meaning of the first subdivision of said section.

### Default judgments — assessment of damages — proof — failure to answer.

(5) Sec. 7001, authorizing the entry of judgment by default without the necessity for an assessment of damages "in an action arising on contract for the recovery of money only," did not authorize entry of the judgment vacated without an assessment of damages. The portion of the statute "for the recovery of money only" does not apply to this judgment. Payments so made are not admitted by failure to answer.

### Default judgments — contract — money — unliquidated amount — proof of damages.

(6) Judgment by default without assessment of damages, under this provision of the statute, can only be ordered in actions for the recovery of a definite sum of money as such, and wherein the court is not called upon to ascertain or adjudge anything but the existence and terms of the contract by which it is

due; and an action that requires the determination of amounts unliquidated is not to be deemed an action for the recovery of money only, as to relief sought. In such an action the amount of damages is not admitted by the defendant by a failure to answer, and an assessment of damages by the court is required.

**Assessment of damages — notice — time — place — appearance.**

(7) As the judgment was irregularly entered, in that damages were not assessed in a matter where assessment is required upon statutory notice to the opposite party after appearance, defendant was entitled to notice of time and place of such assessment of damages.

**Judgment — notice — affidavit of merits — vacation of judgment.**

(8) The judgment so being erroneously ordered and entered without assessment and without notice to the opposite party of time and place of assessment, an affidavit of merit is not essential, and the court, on motion of defendant, properly vacated said judgment thus irregularly entered.

**Answer — extension of time.**

(9) The court being obliged to vacate the judgment, properly permitted an extension of time to answer.

Opinion filed April 16, 1913.

An appeal from the District Court for Stark County, *Crawford,* J. Affirmed. Opinion by Goss, J., written after rehearing had.

*Heffron & Baird,* for appellant.

The pendency of a motion for security for costs does not operate to extend the thirty-day period, in which defendant must plead. Rev. Codes 1905, §§ 6853–7001–7336; Douglas v. Haberstro, 8 Abb. N. C. 230; Belknap v. Charlton, 25 Or. 41, 34 Pac. 758; Steinback v. Leese, 27 Cal. 295; Shinn v. Cummins, 65 Cal. 97, 3 Pac. 133; McDonald v. Swett, 76 Cal. 258, 18 Pac. 324; Greenfield v. Wallace, 1 Utah, 189; Loring v. Wittich, 16 Fla. 621.

The affidavit of merits is wholly insufficient in that it is made by the attorney, and not by defendant, without showing valid reasons therefor; that it is made on information and belief, and fails to state facts showing a meritorious defense. Kirschner v. Kirschner, 7 N. D. 291, 75 N. W. 252; Sargent v. Kindred, 5 N. D. 19, 63 N. W. 151; 1 Enc. Pl. & Pr. 360, and notes; 1 Black, Judgm. ¶ 347.

Wilful acts of omission on the part of defendant in failing to timely answer do not constitute "excusable neglect or mistake." Plano Mfg. Co. v. Murphy, 16 S. D. 380, 106 Am. St. Rep. 692, 92 N. W. 1072.

Where default is the result of purposely wilful acts, court will not vacate judgment. Bacon v. Mitchell, 14 N. D. 454, 4 L.R.A.(N.S.) 244, 106 N. W. 129; Hunt v. Swenson, 15 N. D. 512, 108 N. W. 41.

*M. L. McBride* (*L. A. Simpson,* of counsel), for respondent.

The order of the trial court in vacating a default judgment and allowing defendant to answer will not be disturbed, unless an abuse of discretion clearly appears. Barrie v. Northern Assur. Co. 99 Minn. 272, 109 N. W. 248; Potter v. Holmes, 74 Minn. 508, 77 N. W. 416; Nye v. Swan, 42 Minn. 243, 44 N. W. 9; Citizens' Nat. Bank v. Branden, 19 N. D. 489, 27 L.R.A.(N.S.) 858, 126 N. W. 102.

The defendant and his counsel acted promptly and in good faith, and any omission occurring was due to their excusable neglect and mistake. Bacon v. Mitchell, 14 N. D. 454, 4 L.R.A.(N.S.) 244, 106 N. W. 129.

The defendant's application and motion for security for costs brought him within the terms of the statute. The action should have been dismissed upon plaintiff's failure to furnish such security. Rev. Codes 1905, § 7198.

Defendant's motion for costs being pending, the court had no authority to enter a default judgment before acting upon such motion. Smalley v. Lassell, 26 S. D. 239, 128 N. W. 141; Braseth v. Bottineau County, 13 N. D. 344, 100 N. W. 1082; Brown v. Brown, 37 Minn. 128, 33 N. W. 546.

Demand for payment of the money should have been made, as a condition precedent to bringing the action, and such a cause of action must be supported by proof of the claim and assessment of damages. Oswald v. Moran, 8 N. D. 111, 77 N. W. 281; Rev. Codes 1905, § 7001.

Goss, J. This is an appeal from an order of the district court of Stark county vacating a default judgment taken by plaintiff against defendant corporation for $1,527, and costs and disbursements. Judgment was entered upon proof of service of summons and a verified complaint. The summons had been served upon defendant by service upon the secretary of state May 31, 1911. On June 23d, following, defendant appeared by its attorney in the action, and served a motion,

notice to be heard July 3d, moving dismissal of the action upon the ground that plaintiff was a nonresident of the state, and had not filed security for costs as required by law; and stating that the motion would be based upon all the files and upon an affidavit served therewith, and made upon positive knowledge that plaintiff was then, and had been for some time past, a resident of Glendive, Montana, and there engaged in the saloon business, and not a resident of the state of North Dakota. This affidavit and notice of motion was served upon the attorneys for plaintiff nine days before the time to appear, answer, or demur had expired. Said affidavit is not controverted. The affidavits filed in support of the motion to vacate the judgment further disclose that defendant's attorney had prepared and had ready for service an answer, stating a valid defense, together with a demand for a bill of particulars of the items constituting the cause of action sued upon, both of which are dated June 21st, the date of the service of the notice of motion for security for costs. It further appears that the motion would have been noticed for hearing at an earlier date had the district judge not been temporarily without his district, hearing causes at Mandan, in an adjoining district; that his wishes were consulted as to the time when the motion should be noticed for hearing, which was set accordingly for July 3d. That by inadvertence the demand for bill of particulars and answer prepared was not served upon the attorneys for plaintiff. That on July 1st, without notice to defendant's attorney, and promptly at the expiration of the thirty-day period for service of answer or demurrer, plaintiff's attorneys presented the summons and complaint with proof of service, together with an affidavit of default reciting that no answer or demurrer had been served upon them, to the district judge, who signed an order for judgment by default without the assessment of damages, and for the full amount for which judgment was asked in the complaint; upon which default judgment was entered by the clerk. On July 13th, defendant, upon an affidavit of merit made by said attorney, accompanied by an answer verified by him upon information and belief, moved to vacate this default judgment, bringing the same on for hearing on July 21st, at which time the motion was granted, with leave to answer upon the payment of $25 terms, which terms were tendered but refused. The grounds upon which the motion was made and presumably granted were, among

others, that there was a motion,—one to dismiss the above-entitled action, pending and duly noticed at the time that said judgment was entered; which motion, if it had been granted, would have prevented the entry of said judgment against defendant; and that the judgment as entered was taken without notice to defendant, though defendant had appeared in the action before the entry thereof. Also leave to vacate was asked upon the grounds set forth in the affidavit of merit of excusable neglect, inadvertence, and mistake of defendant in failing to serve answer previously prepared. From the order vacating the judgment this appeal is taken.

Defendant has, in all things since default judgment was entered, acted promptly. The motion to vacate the default judgment was seasonably made, noticed, heard, and decided. The motion challenged the power of the court to grant the judgment by default without assessment of damages, under § 7001, Rev. Codes 1905; also questioned the regularity of the entry of judgment while there was pending a motion that plaintiff give defendant security for costs, which if determined adversely to plaintiff would have stayed proceedings and might have resulted in the dismissal of the action, depending on the terms of the order for such security if granted. The motion to vacate covered additional grounds of excusable mistake and inadvertence on the part of the defendant in failure to answer, concerning which plaintiff challenges the sufficiency of the affidavit of merit to invoke the discretion and favor of the court, and on this appeal urges an abuse of discretion in vacating the judgment, if the same was vacated upon such grounds.

We will first decide the practice questions arising, the first of which concerns the regularity of the order for judgment on default made while defendant's motion that plaintiff give security for costs was pending, undisposed of and noticed to be heard three days after the time for answer or demurrer had expired, and in the absence of service of an answer or demurrer. Strange to say this court has hitherto declared no rule upon this question for this jurisdiction.

Respondent urges that the vacating of the judgment upon these grounds was not a matter of the invoking of the favor of the court, but, instead, a matter going to the regularity of its proceedings; that it was improper to enter the judgment with the motion pending, undisposed of. An examination of the statutes upon this question is here

in order. Assuming the court had power to enter the judgment without proof, § 7001 provides that the plaintiff, on default of the defendant in answer, could procure the judgment to be entered; § 6853 also provides that "the only pleading on the part of a defendant is either a demurrer or an answer," and that it must be served within thirty days after the service of a copy of the complaint; § 7336 declares that "when a defendant shall not have answered or demurred, service of notice or papers in the ordinary proceeding in an action need not be made upon him;" the first subdivision of § 7001 provides that "the plaintiff may file with the clerk proof of the personal service of the summons and complaint, . . . and that no answer or demurrer has been received," and thereupon judgment shall be entered for the amount demanded in the complaint, where the complaint is verified and the cause of action arises on contract for the recovery of money only. We will also take judicial notice that the usual practice in making the proof of default is by the affidavit of the attorney, reciting such service, and that no answer or demurrer to the complaint has been served upon or received by him. Under these provisions the motion made for security for costs, not being an answer or demurrer, is not, strictly speaking, a pleading. Under § 7321 a motion is defined as "an application for an order," in this case in writing and noticed for hearing, the decision of which under the provisions of §§ 7196–7198, if granted, might have terminated this action as effectually as if a defense had been pleaded and proven. And the only way, under our practice, defendant could avail himself of this right to security for costs at any time before judgment, was by motion, which when made was the assertion by him of the legal right in the manner prescribed by statute, and upon which he had a right to be heard at any time before judgment. But proper practice on defendant's part would have been to have answered or demurred or procured additional time within which to have plead after the ruling on the motion to dismiss for want of security for costs. The period for answer and demurrer expiring before the time at which the motion for security for costs was noticed for hearing and argument, the right of defendant to require of plaintiff such security lapsed and expired immediately when he became in default in answer. The right to security for costs is that defendant may recover his costs and disbursements assessable at law should his defense prevail or plaintiff's

cause of action fail, and to urge the right for such purposes he must be in a position to interpose a defense or question the right of plaintiff to prevail on the merits, which he cannot do when he is in default in answer or demurrer. In fact, until relieved therefrom, defendant's default confesses the truth of the complaint, where that is sufficient under the statute to warrant the entry of judgment without proof, as was here the case, provided this is a cause of action based upon contract for the recovery of money within the provisions of § 7001, Rev. Codes 1905, and assessment of damages before judgment was not necessary. The right of defendant to require security for costs, then, is dependent upon his being in position to exact the same, to do which he must not be in default in answer or demurrer as the case may be; and the rights under the motion itself, unaccompanied by answer or demurrer, expire with the right of defendant to interpose a defense by answer or demurrer, the only two methods provided by statute. The motion alone, without an order of court extending the time within which to answer or demur, is insufficient to toll the statute requiring answer or demurrer within thirty days from the service of the summons and complaint in this case served. We are aware that many decisions apparently to the contrary may be found, and that it would be easy, without weighing the decisions and the statutes and the practice prevailing in different jurisdictions, and by ignoring the real reason for the statute requiring security for costs, to come to the opposite conclusion. We may analyze a few of the many authorities touching the decision of this question. "Where a motion made by the defendant is pending undisposed of, a judgment by default against him cannot be taken unless the determination of the motion either way could not affect the right of the plaintiff to proceed with the cause." 6 Enc. Pl. & Pr. 93, and cases cited. The cases cited to support this text are: Dillon v. Rand, 15 Colo. 372, 25 Pac. 185; Atchison, T. & S. F. R. Co. v. Nicholls, 8 Colo. 188, 6 Pac. 512; Chivington v. Colorado Springs Co. 9 Colo. 597, 14 Pac. 212; Klemm v. Dewes, 28 Ill. 317; Kinyon v. Palmer, 20 Iowa, 138; and Phillips v. Kerr, 26 Ill. 213. To which we may add The Osprey v. Jenkins, 9 Mo. 644; Beasley v. Cooper, 42 Iowa, 542; Mattoon v. Hinkley, 33 Ill. 209; Dudley v. White, 44 Fla. 264, 31 So. 830; and Register v. Pringle Bros. 58 Fla. 355, 50 So. 584. The above cases and the text writer's conclusions therefrom are dis-

tinguishable from the issue here involved on this motion for security for costs. The Colorado, Illinois, Florida, and Iowa statutes in terms recognize a motion pending as staying the right to a default judgment until such motion is disposed of. Section 149 of the Colorado Civil Code prior to 1885 expressly provided that notice of motion is equal to demurrer or answer in preventing a default. "This statute, prior to amendment in 1885, was imperative; upon motion to dismiss for want of cost bond the court had no discretion in the matter, and must sustain the motion. Edgar Gold & S. Min. Co. v. Taylor, 10 Colo. 112, 14 Pac. 113; Western U. Teleg. Co. v. Graham, 1 Colo. 183; Talpey v. Doane, 2 Colo. 299; Filley v. Cody, 3 Colo. 221." See note to § 675, Mills's Anno. Stat. (Colo.) 1891. The Illinois statute, Starr & C. Anno. Stat. 1896, vol. 3, page 3027, § 39, provides for a default judgment for want of appearance at the term of court, that state continuing the old common-law practice of pleadings being filed at or during the term; and there having been an appearance and motion, there was no default. The Iowa statute, Code of 1897, §§ 3550 to 3557, are substantially the same as those of Illinois, and in terms make a motion a pleading, and as we infer operate to prevent judgment by default with a motion pending. Likewise, § 1422 of the Florida Code provides that "if the defendant shall fail to appear," "plead or demur," "the plaintiff may cause a default to be entered." The Missouri case, The Osprey v. Jenkins, was evidently announced under a rule of practice, as a different rule now prevails in that state, as appears from Fears v. Riley, 148 Mo. 49, 49 S. W. 836, where that court says: "Taking a judgment while a motion for security for costs was pending was not a fraud upon the court, for the court takes judicial notice of the state of a case as shown by its own records. Only a motion going to the merits dispenses with the necessity of answering." Citing Hill v. Meyer, 47 Mo. 585. We have also examined the following cases, none of which are applicable to a motion of this kind: Cooper v. Condon, 15 Kan. 572, involving the removal of a cause to the Federal courts and thereby a question of jurisdiction in the state court to proceed; 34 Cyc. 1306, note 24; Hosmer v. Hoitt, 161 Mass. 173, 36 N. E. 835, decided under a rule of court on suggestion of insolvency, and holding a case not "ripe for judgment" where such has been made; Woods v. Woods, 16 Minn. 81, Gil. 69, in which a stipulation of parties submitting a notice

to substitute defendants caused delay in answer, which under the facts; was held excusable neglect; and the decision in Smalley v. Lasell, 26 S. D. 239, 128 N. W. 141, was really based upon grounds of excusable neg- lect, instead of the pendency of a motion, as one portion of the syllabus. would indicate, the court considering the affidavit of merits. Nor do we consider General Lithographing & Printing Co. v. American Trust Co. 55 Wash. 401, 104 Pac. 608, applicable, as the facts are not simi- lar.

The following authorities support our conclusions, apparently inde- pendent of statute and under Code provisions similar to ours: Pilant v. S. Hirsch & Co. 14 N. M. 11, 88 Pac. 1129; McDonald v. Swett, 76 Cal. 257, 18 Pac. 324, following Shinn v. Cummins, 65 Cal. 97, 3 Pac. 133, although the reasoning of the California case is brief and unsatis- factory. For a holding directly in point, see Higley v. Pollock, 21 Nev. 198, 27 Pac. 895. See also Mantle v. Casey, 31 Mont. 408, 78 Pac. 591; Garvie v. Greene, 9 S. D. 608, 70 N. W. 847; Greenfield v. Wallace, 1 Utah, 189; Gipson v. Williams, — Tex. Civ. App. —, 27 S. W. 824; International & G. N. R. Co. v. Williams, 82 Tex. 342, 18 S. W. 700.

For the foregoing reasons, and on an analysis of the authorities, we decide that the pendency of this motion for security for costs undis- posed of would not, of itself, extend the time within which defendant was obliged to answer or demur, or stand in default thereof; and when he is so in default because of his failure to present an issue on the merits,. thereby conceding the merit of plaintiff's cause of action and his right of recovery, a defendant, then, has no right to ask or be heard to insist. upon security for costs, when, under every presumption, plaintiff is then entitled to judgment against him, and defendant would be asking for something which could avail him nothing, and for something con- cerning which he then could have no rights, having waived his defense by failure to plead or demur. When the reason for requirement of an order ceases, the right thereto, which otherwise might be available to a defendant, should cease with it. There was no error, then, in granting judgment with this pending motion undisposed of. Our holding is not authority concerning a pending motion invoking a question of juris- diction, the motion for security for costs not raising jurisdictional ques- tions.

We now take up the second practice question, concerning the propriety of the order vacating the judgment on the grounds of excusable neglect, under the showing based upon the affidavit of merits, proposed answer, and the other files in the case. The affidavit of merit is made by defendant's attorney. It is accompanied by an answer subscribed by said attorney and verified by him on information and belief, with an accompanying demand for bill of particulars of plaintiff's cause of action. The part of the affidavit of merit material to the present inquiry reads: "That your affiant for and on behalf of said defendant most respectfully prays this court for an order vacating and annulling said judgment hereinbefore referred to, and that the defendant be allowed to answer in the above-entitled action, a copy of which answer is hereto annexed, together with a demand for a bill of particulars upon the following grounds: Upon the ground of excusable neglect by mistake, in that on the 11th day of June, 1911, your affiant received a copy of the pleadings served on the defendant, together with the information to make an answer; from such information affiant informed the defendants that they had a good and meritorious defense to said action to plaintiff's complaint herein, and affiant now states the same to this court, as is further shown by the answer of the defendant herein, which is especially referred to and made a part of this affidavit; that on the 21st day of June, 1911, your affiant prepared the demand for a bill of particulars, together with the answer, and also a motion to dismiss the action of plaintiff on the ground and for the reason that said plaintiff was a nonresident of the state of North Dakota; that no security for costs had been furnished, and therefore asked that said action be dismissed; that it was known to your affiant at that time that the judge of this court was in court at Mandan, North Dakota, busily engaged, and in conversation with said judge in the fore part of June, 1911, said judge stated to this affiant that he would like to be consulted upon the dates for motions, especially during the summer months; that affiant expected to see and talk with said judge in time to make the motion for security for costs returnable before the time for answering expired," "and made the motion returnable on the first day of July, 1911, on which day the time for answering expired; but that affiant did not see the judge of the court, as he was still at Mandan, and after two days your affiant was obliged to set the motion returnable on the 3d day of

July, 1911, in order to give the attorneys for the plaintiff the eight days' notice, of which they were entitled; that on the 3d day of July, 1911, your affiant was called into consultation on a criminal case in Dunn county, and was very busily engaged all of said day, and that your affiant completely forgot that he had a hearing on said motion set on the 3d day of July, 1911; that plaintiff's attorneys, ignoring the fact that defendant had made appearance in said action, made an application to this court for a default judgment and secured an order on July 1, 1911, for a judgment against this defendant as prayed for in plaintiff's complaint; that the attorney for the defendant was relying upon his motion, and if said motion were granted said action would have been dismissed, and that unless said security for costs were furnished the court herein would be without jurisdiction, as the plaintiff is not a resident of the state of North Dakota." The answer in brief is a general denial, accompanied with a statement that "the goods (intoxicating liquors) sold and delivered and referred to in plaintiff's complaint were sold and delivered in the state of Minnesota," with a demand for dismissal of the action, and verified on the information and belief of the attorney. The affidavit of merit fails to state that the attorney for the defense has been informed fully and fairly of all the facts in the case, and that therefrom he believes defendant has a meritorious defense; nor are any facts concerning said defense recited, except in the answer, and there on the information and belief of the attorney alone. The attorney subscribing the affidavit and answer could truthfully swear to everything contained in both affidavit and answer, and still there exist absolutely no defense to the cause of action herein recited. It does not appear that he has been told all the facts in the case; in fact, that he has been told any facts in the case does not affirmatively and plainly appear. All the information he received from his client, as appears from the affidavit of merit, is that to be inferred from the indefinite statement "that your affiant received a copy of the pleadings served on the defendant, together with the information to make an answer; from such information affiant informed said defendants that they had a good and meritorious defense to said action, and now states the same to the court, as is further shown by the answer of the defendant herein, which is herein specifically referred to and made a part of this affidavit." Nor does the reason appear why someone familiar with the facts does not,

on positive knowledge under affidavit, disclose the facts of the defense to the court, that it may therefrom, in the exercise of its discretion upon the facts disclosed, determine whether a meritorious defense exists, and determine whether the judgment should be vacated to allow trial of the issues so presented. We are not now dealing with a matter to which defendant is entitled as of right, but rather the question of whether the court in its discretion will favor him by vacating judgment against him and allowing him a day in court after he has, by failure to answer or demur, waived the same. The first essential to invoke the court's discretion is a showing of merit in his defense, to do which is the office of the affidavit of merit with accompanying answer. The merit of the defense must affirmatively appear and be set forth by someone, either attorney or client, in such a manner and with such accompanying explanation as shall satisfy the court that the party so asserting the facts of the defense, from which their merit is to be determined, either knows the facts, or has sufficient knowledge of them to satisfy the court that there is real merit in the defense, and that the allowance thereof would not result merely in delay in the final judgment to be entered, and merely to delay plaintiff in the collection of his claim already in judgment. Weighed by all rules, the affidavit of merit with the answer considered is wholly insufficient as such to invoke the discretion of the court. Without the merit of the defense being shown, the court cannot consider the fact that this judgment was taken by default while a motion relied upon by attorney for defendant to extend the time for answer was pending undisposed of. We do not decide that this could not be considered as an element of the circumstances of the case had the defendant established in his affidavit of merit a prima facie meritorious defense, invoking the favor or discretion of the court for relief. Manifestly, then, the judgment cannot be vacated on the grounds of excusable neglect.

This takes us to the third ground of the motion, that of the right of the court to order the entry of this judgment under § 7001, Rev. Codes 1905, without the assessment of damages. Two questions are here presented for decision: First, whether the general appearance by motion made by the attorney for the defendant made it necessary to notify him of the time and place of the assessment of damages, and not to assess the same until he was so noticed; and, second, whether the claim

sued upon in this case, being a right of action given by § 9390, Rev.
Codes 1905, to purchasers of intoxicating liquors within the state to
recover after demand therefor of the seller the purchase price for such
liquors, gives rise to a demand arising upon contract within the mean-
ing of § 7001, authorizing judgment by default in actions upon demands
arising on contract for the recovery of money only.    Is this such a
claim ?   If not, judgment by default should be set aside on motion with-
out the interposition of an affidavit of merit, and regardless of the
merits of the case, as its entry would be irregular and in disregard of
the statute requiring the assessment of damages.

As to the first question under § 7336, the appearance made did not
necessitate notice before the taking of default judgment, the complaint
being verified, unless the action be one not "arising on contract" or not
"for the recovery of money only."   As to whether the cause of action
here sued upon, based upon the provisions of § 9390, Rev. Codes 1905,
is a cause of action based upon contract, it becomes necessary to de-
cide.    Section 9390 provides:   "All payments and compensation for
intoxicating liquors sold in violation of this chapter, whether such pay-
ments or compensation is in money, goods, land, labor, or anything else
whatsoever, shall be held to have been received in violation of law and
against equity and good conscience, and to have been received upon a
valid promise and agreement of the receiver in consideration of the re-
ceipt thereof to pay on demand to the person furnishing such consider-
ation the amount of said money or the just value of such goods and labor
or other things."    Several states have had similar statutes.    Ours,
wherever obtained, is nearly a literal copy of Iowa and Vermont stat-
utes in force at the time of the adoption of this Code provision.    See
§ 2423, Iowa Code of 1897, and General Statutes of Vermont of 1863,
chap. 34, § 32.   We can answer this inquiry in the language of the de-
cisions of those states construing practically our own statute.   In Foley
v. Leisy Brewing Co. 116 Iowa, 176, 89 N. W. 230, from page 231, we
quote:   "It is argued on plaintiff's behalf that Ill was a participant
in a scheme to enable plaintiff to violate the law.   But this is not an
action in tort; it arises out of a statutory contract,—that is, a contract
which the statute says shall be implied from certain facts,—and is cov-
ered by the ordinary rules relating to actions on contracts.   It is not
the participation in making the sale, nor the handling of money that

could make Ill a joint principal, but only the receipt by him as his own of a part of the purchase price" of liquors sold in violation of law for which recovery of the purchase price was sought. The Vermont courts first held to the theory that this statute gave a right of action for penalty for an illegal sale, holding, in the language of Thayer v. Partridge, 47 Vt. 423, on page 428 of the opinion, that "the right of action is given by way of penalty for the illegal sale, and is analogous to the right of a borrower to sue for usury paid and for the right to sue for money lost at play. It is a part of the machinery for enforcing the liquor law, and is essentially penal in its aim and in its nature. It is in no sense 'founded in contract,' but arises solely from the violation of law." But a later decision, Laport v. Bacon, 48 Vt. 176, overrules Thayer v. Partridge, supra. We quote: "The statute for recovering back compensation paid for liquor sold in violation of law provides that all such compensation 'shall be held and considered to have been received in violation of law, without consideration, and against law, equity, and good conscience; and may, in an appropriate action, be recovered back, it being alleged in the declaration that the money, labor, or personal property so held was received and is held to the use of the plaintiff.' This action is upon the common count in assumpsit, and it is urged that such compensation cannot be recovered back in that form of action. But the action of assumpsit has always been considered to be an equitable action by which a plaintiff might recover money which a defendant held and in equity and good conscience ought not to retain. And as the statute declares all such payments to have been received without consideration, and against equity and good conscience, it would seem to be plain that the action of assumpsit would be a very appropriate action by which to recover back the payments; and when received in money, that the common counts would likewise be appropriate. . . . Then, again, this action is to recover what by force of the statute had always been the plaintiff's, and, although in form delivered in payment, had never become the defendant's, and is not penal but is remedial." And the later case, decided in 1892, of Yearteau v. Bacon, 65 Vt. 516, 27 Atl. 198, expressly disapproves the portion of the holding quoted from Thayer v. Partridge, supra, and follows Laport v. Bacon, supra. The question involved in Yearteau v. Bacon was the identical question here considered, and, under the statute above quoted, practically iden-

tical with § 9330 under consideration. It arose in an action brought against an estate to recover money paid to the deceased in his lifetime for intoxicating liquors unlawfully sold; and it was urged that the statute giving a right of action for recovery of such payments was penal in nature, and not contractual, and hence there was no survival of action against the estate. From page 527 we quote: "The case is clearly within the test applied at common law to determine whether a demand survives. The rule is that the cause of action survives against the estate whenever the estate has received a benefit from the transaction for which a recovery may be had by an action in form *ex contractu*. . . . Money which the statute declares to belong to the plaintiff, and to be recoverable in an action for money had and received, is in the assets of this estate. If the money is the plaintiff's, the death of its possessor cannot have deprived him of the right to recover it. . . . The statute provides that one who makes a payment for liquor sold in violation of law may recover it back as money received and held to his use. . . . It was the purpose of the legislature to load the traffic in all its stages with danger and uncertainty, leave every seller at the mercy of the buyer, and deprive wealth thus obtained of that security which is the great incentive to legitimate trade." Then, again, concerning Thayer v. Partridge, supra, the court, on page 526, says: "In the opinion the statute authorizing the recovery of money so paid is spoken of as essentially penal in its nature and aim. But in Laport v. Bacon, 48 Vt. 176, a different view is expressed. There the plaintiff sought to recover money paid for liquor unlawfully sold in an action of general assumpsit, and the trial was by referee. It was contended that a claim of this nature could not be recovered under the common counts. The court held that the money was recoverable on the count for money had and received; but said further that the action was not penal but remedial, and that the declaration could have been amended. And in the unreported case of Pecker v. Barney, held at the general term in 1879, a decision was rendered which could not have been arrived at without adopting the view expressed in Laport v. Bacon. The defendant in that case sought to recover under a plea in off-set money paid to the plaintiffs for liquor sold in violation of law. Nothing could be recovered in offset except an indebtedness on contract express or implied; plaintiff's counsel insisted that the defendant's cause of action was not a demand resting in

contract, but a right covered by the statute for a penal purpose, and cited Thayer v. Partridge in support of his claim. But the defendant had judgment in offset."

The foregoing, on all fours with the facts and under the contentions here made, are decisive of the contract feature of this case. The reasoning of the Vermont court is unanswerable. We must comply with the statute, § 9390, where in the most mandatory language it says that this money sued for "shall be held to have been received in violation of law . . . and to have been received upon a valid promise and agreement of the receiver" to repay upon demand to this plaintiff. The statute makes the money so paid the defendant by plaintiff at all times the property of the plaintiff, to be repaid him upon his demand therefor. We might cite here the only two North Dakota holdings on this statute,—Oswald v. Moran, 8 N. D. 111, 77 N. W. 281, holding demand prior to suit by way of counterclaim necessary, and Frankel v. Hillier, 16 N. D. 387, 113 N. W. 1067, 15 Ann. Cas. 265, concerning pleading and proof and place of sale involved in an action to recover the purchase price of liquors alleged to have been unlawfully sold. Consult also 23 Cyc. 343, 344, wherein the author of Black on Intoxicating Liquors lays down the following rule, here applicable: "But in several states statutes have been enacted providing that all payments for liquors sold illegally shall be held to have been received in violation of law and against equity and good conscience, and to have been received upon a valid promise and agreement to repay the same upon demand." . . . "An action on a statute of this character is an action of contract, and not in tort; and where the common-law system of pleading prevails the proper form of action is assumpsit as for money had and received. The claim for money paid on such an illegal sale may also be pleaded as a set-off or counterclaim in cases where such a plea would otherwise be permissible." Citing Schober v. Rosenfield, 75 Iowa, 455, 39 N. W. 706; Friend v. Dunks, 37 Mich. 25; Tolman v. Johnson, 43 Iowa, 127; Roethke v. Philip Best Brewing Co. 33 Mich. 340; Delahaye v. Heitkemper, 16 Neb. 475, 20 N. W. 385; Gorman v. Keough, 22 R. I. 47, 46 Atl. 37.

But is this an action, though on contract, one "for the recovery of money only" within § 7001? With a cause of action *ex contractu* existing by force of statute, upon admission or proof being made of the

illegal sales, does it follow that after defendant has appeared by motion, the court can, under the provisions of § 7001, Rev. Codes 1905, enter judgment without notice and without assessment of damages for the demand claimed in the complaint, as "in an action arising on contract for the recovery of money only?" The question of necessity of notice to the defendant, like the power of the court to enter the judgment without assessment of damages, depends upon the meaning of the statute prescribing that judgment may be so entered where the complaint is verified "in an action arising on contract for the recovery of money only."

Section 7001, Rev. Codes 1905, is identical with § 5025, Compiled Laws of 1887. Subdivision 1 of both statutes concerns the entry of judgment for money only; subdivision 2 of both for the entry of judgment for relief other than money. This distinction was carried into this statute from those prescribing the forms of the summons. See Compiled Laws, § 4894, the first subdivision of which required the insertion of a notice in the summons that a judgment would be taken for a sum specified therein if the action be one "arising on contract for the recovery of money only." And the second subdivision provided that the summons should contain a notice that in other actions the court would be applied to for the relief demanded in the complaint. The phraseology in the money demand form of summons and the statutory provision for entry of judgment thereon is identical, in each case, being "in an action arising on contract for the recovery of money only." In the revision of 1895 the distinction between the relief and money demand form of summons was abolished, as appears from § 5248, Rev. Codes 1895, our present § 6834, Rev. Codes 1905. But no change was made in the corresponding judgment statute. What constitutes "an action arising on contract for the recovery of money only," within the meaning of these statutes? That must now be held to have the same meaning as when used prior to 1895. Turning to the New York practice acts, we find identical provisions as to both form of summons and entry of judgment thereunder; and the courts of that state in 1857 settled the very question before us in the determination of the form of the summons to be used "in actions arising on contract for the recovery of money only." See §§ 129 and 246 of the New York Code of Procedure, construed in the thoroughly considered case of Tuttle v. Smith,

6 Abb. Pr. 329, 14 How. Pr. 395; and followed in these cases: People
v. Bennett, 6 Abb. Pr. 343; Salters v. Ralph, 15 Abb. Pr. 273; Luling
v. Stanton, 8 Abb. Pr. 378; Cobb v. Dunkin, 19 How. Pr. 164; Nor-
ton v. Cary, 14 Abb. Pr. 364, 23 How. Pr. 469; Garrison v. Carr, 3
Abb. Pr. N. S. 266, 34 How. Pr. 187; Travis v. Tobias, 7 How. Pr.
90. And for a construction of § 4894 of the Compiled Laws on the
form of summons, see St. Paul Harvester Co. v. Forbreg, 2 S. D. 356,
50 N. W. 628, citing and following Brown v. Eaton, 37 How. Pr. 325.
See also Searles v. Lawrence, 8 S. D. 11, 65 N. W. 34. As the sub-
divisions of our present § 7001 were framed to conform to the relief re-
quired to be demanded under the prescribed forms of summons, the
holdings interpreting the form of the summons apply equally to the
phraseology of the statute as to judgments, and are usually considered
together. Concerning this we quote the following from Tuttle v. Smith,
supra: "The phrase 'for the recovery of money only' ought not to be
considered as marking a class of cases which are distinguished only
from actions brought to compel performance of some specific act or
thing, and terminating there. Such a classification evidently would be
insufficient. There are many cases where specific relief is to be ad-
ministered, and yet the ultimate object of the suit is the recovery of
money. Such are foreclosure suits, and suits for the administration of
assets and the payment of legacies. These are suits for the recovery of
money only, and not of any specific thing, and yet requiring specific
relief, and an application to the court to obtain ultimately the money for
which the suit is brought. These are confessedly included among the
actions referred to in the second subdivision. [Concerning actions for
relief only.] Yet they are actions founded on contract, and brought
for the recovery of nothing but money, not of land, nor of chattels, nor
any specific right or thing.

The phrase in question must be construed to mean the recovery of a
definite sum of money as such, and without calling upon the court to
ascertain or adjudge anything but the existence and terms of the con-
tract by which it is due. Whenever the action requires the determina-
tion of amounts unliquidated, in their nature requiring other proof, and
depending upon other considerations than such as appear in the con-
tract itself, then the action is not for the recovery of money only, as
money due and payable by the contract on which the action arises. It

is rather an action to establish and ascertain the plaintiff's right to damages, which are to be paid and satisfied in money. It may be said that this is a refined construction of the statute. Undoubtedly it is, but it is necessary to resort to it to prevent the most absurd as well as iniquitous results."

The opinion then states that the judgment is to be entered by the clerk without an order, and comments upon the absurdity of the statute being intended to cover all cases in which a money judgment may be entered, as contended for. Continuing it says: "Can it be said that the proof of facts is not necessary to enable the court to give judgment in a case like the present, brought to recover unliquidated damages for the breach or breaches of an agreement, requiring many specific acts in carrying on a business which was jointly undertaken by the parties? On the defendant's default, the contract and its breach, and that the plaintiff is entitled to damages, are indeed admitted; but it is impossible that their amount should be stated with precision, or admitted by a failure to answer, so that the court, acting through its clerk, can justly be said to have before it all the facts necessary to enable it to give judgment. The extent of the injury, or the amount of damages, is matter of judgment or legal discretion, depending on extrinsic facts. It may be stated first in the complaint in round numbers, according to the claim and opinion of the plaintiff; but it must be determined upon evidence or the proof of facts, which cannot be pleaded, but must be exhibited to the court, to enable it to make any clear, not to say just, disposition of the matter."

Then, again, we read the following from page 333 of the opinion:

"Take the case of an action by a female for the breach of promise of marriage, where the excited feelings or fancy of the plaintiff would induce her not only to state but to swear to almost any amount of damages. This has been held, and if I am wrong in the construction I have adopted, it undoubtedly is, one of the class described in this section as 'actions on contract for the recovery of money only,' and the plaintiff may therefore give notice in the summons, that if no answer is put in, she will take judgment for the amount claimed as damages in the complaint. Now, if the complaint be verified, and it be true there was a contract and a breach, and the defendant be too conscientious to deny it under oath, what is he to do? Is it not very doubtful whether

a mere denial of the allegation that the plaintiff is damaged five or ten thousand dollars, as the case may be, would be good pleading, or would form any issue? And if such an answer were struck out, or if the defendant wished to be spared the expense and the exposure of a defense and a trial, and therefore made default, the plaintiff must have judgment for the whole amount of damages she claims, without the defendant ever having been allowed any opportunity to try the question of damages in any way. A construction of the Code which would lead to such consequences, . . . if its design and effect be what its admirers claim." And the decision, as evidenced from the syllabus, holds that this language must be interpreted as applying only to "actions for the recovery of a definite sum of money as such, and without calling upon the court to ascertain or adjudge anything but the existence and terms of the contract by which it is due; and an action that requires the determination of amounts unliquidated, in their nature requiring other proof and depending upon other considerations than such as appear in the contract itself, is not to be deemed an action for the recovery of money only, but rather an action to establish and ascertain the plaintiff's right to damages, which are to be paid in money;" in which event "the amount of damages is not admitted by the defendant by a failure to answer," and assessment of damages by the court is required.

Proceedings and practice in the entry of judgment and assessment of damages, and necessity therefor, in practically all the states, are governed by statutory provisions. They may be found collected in a lengthy note to State ex rel. Spratlin v. Thompson, 20 L.R.A.(N.S.) 1–35. And the rule of each jurisdiction depends largely upon the construction of the particular statute. That our statute is taken from § 246 of the Code of Procedure of New York, prior to its amendment in 1877, has been decided by our sister state of South Dakota in Searles v. Lawrence, 8 S. D. 11, 65 N. W. 34. See also for 1877 amendment to former procedure, § 420 and annotations to Stovers New York Code of Civil Procedure of 1893, and § 420 of Waits New York Code of 1880. And again, the damages here claimed are not liquidated, but purport to consist of various payments on account for goods received, but which goods, because of their contraband nature, if the sale was made within this state, can constitute no valid consideration for the payments so made and sought to be recovered.

"Generally, a final judgment cannot be entered where the damages are unliquidated or the amount of plaintiff's claim uncertain or indeterminate. . . . The final judgment is entered after the damages have been assessed on a writ of inquiry or otherwise determined according to law." 23 Cyc. 765, ¶ 7.

"As a general rule a default admits the cause of action and the material and traversable allegations of the declaration, although not the amount of damages; and hence, the amount to be recovered is all plaintiff is required to prove or defendant permitted to controvert. There are, however, numerous decisions disapproving of the entry of such a judgment without proof of the facts essential to plaintiff's recovery, chiefly, however, in cases where the action is for unliquidated damages, or based upon a condition or contingency." 23 Cyc. 761.

To the same effect, see 6 Enc. Pl. & Pr. 116: "Where the facts pleaded constitute a cause of action the effect of the default is to establish it definitely." "All matters well pleaded and essential to the judgment" are admitted. "But the defendant's default does not admit plaintiff's allegations of value or amount." These are to be proven before judgment can be taken. 6 Enc. Pl. & Pr. 128. "And the burden of proof as to the amount for which judgment by default shall be taken rests upon the plaintiff" [p. 129] except in cases provided by statute to the contrary, as where judgment is authorized to be ordered for the amount evidenced by a promissory note or other written instrument, by its production proving on its face the amount for which judgment may be taken.

This action is properly brought as upon a complaint for money had and received upon an implied contract created by special statute, § 9390. 27 Cyc. 870 et seq.; Logan v. Freerks, 14 N. D. 127, 103 N. W. 426; and cases found in 35 Century Dig., title "Money Received," § 49, and 13 Century Dig. title "Money Received," § 6. As we construe § 7001, Rev. Codes 1905, the amount for which judgment could be entered was not admitted by default in answer, granting that all other allegations of the complaint were so admitted. That statute contemplates that proof shall be made in all instances where the complaint is unverified, and where verified in all instances except where the contract by its terms makes proof of the amount of recovery, as for instance, a promissory note or similar contract establishing, when considered with the

matters admitted by the default, a liability and the specific amount thereof. This action for money had and received, based upon numerous payments at various times, is parallel in such respect to an action to recover for goods sold on account, in which case the assessment of damages is necessary before entering of judgment in default of answer. 6 Enc. Pl. & Pr. 134. And we are satisfied this holding is in conformity with the uniform practice heretofore followed in this state. We may remark that such proof may be made by testimony by deposition or by affidavit showing the facts, inasmuch as where the defendant is in default the court may in its discretion consider an affidavit as proof. The affidavit of costs and disbursements is insufficient to constitute the proof of claim required on which to assess damages.

This judgment, entered by default without an assessment of damages, or without evidence to sustain it as to amount, was irregularly entered, and was properly set aside on motion based upon those grounds. And after the judgment was vacated it was then within the sound discretion of the court to grant relief to defendant from default in answer, to do which an affidavit of merit was unnecessary, as the rights of the parties were not yet adjudged and the application to then answer would be considered, regardless of the merits of the suit, as an application to plead after time. Concerning this it appears that the reason why the answer was not served was solely because of the inadvertence and mistake of defendant's attorney. If authority on this question is needed, we cite Salters v. Ralph, 15 Abb. Pr. 273, directly in point on practice.

Defendant has argued that even though the action be one arising upon contract for the recovery of money only, with a verified complaint, judgment could not be entered without notice of the assessment of damages, inasmuch as defendant had entered a general appearance. But in this defendant is in error. Had the action been one on contract, as to basis of action, and for the recovery of money only, as to relief, judgment could have been entered without notice, regardless of his appearance, defendant standing in default of demurrer or answer, or of motion going to the jurisdiction of, court or subject-matter. We quote from the syllabus of Dix v. Palmer, 5 How. Pr. 233:

"Where the defendant has appeared but not answered in an action for the recovery of money only, and the complaint is duly verified, he is not entitled to notice of assessment. In such case there is no assess-

ment,—judgment is entered of course." And from Southworth v. Curtis, 6 How. Pr. 271:

"A notice of assessment to the defendant in an action on contract for the recovery of money only, under § 246, is not necessary where the complaint is properly verified." And such must be the only conclusion to be arrived at from a careful reading of the first subdivision of § 7001.

After rehearing had in this action, we adhere to our decision that the trial court properly vacated a default judgment entered, and its order is affirmed, with costs.

SPALDING, Ch. J.  I concur in the result.

BRUCE, J.  I concur in the result generally, but not in that part of the opinion covered by paragraphs 1 and 2 of the syllabus.